State *v.* Godfrey.

## THE STATE *versus* JOHN R. GODFREY & *al.*

If all the facts alleged in an indictment may be true, and yet constitute no offence, the indictment is insufficient. And a verdict does nothing more than to verify the facts charged.

Where an offence is created by statute, and there is an exception in the enacting clause, the indictment must negative the exceptions. But if there be a proviso which furnishes matter of excuse to the party, it need not be negatived in the indictment, but he must show it, if he would avail himself of it.

Where certain persons were authorized by an act of the legislature to erect a dam across a river which had by prescription become a public highway, in a certain manner, and within prescribed limits, and they had proceeded to erect a dam across the river, at or near the same place; and an indictment at common law was found against them for causing a nuisance by the erection of the dam; such indictment is insufficient, and on the return of a verdict of guilty thereupon, judgment must be arrested, if the indictment contains no averment that the dam was beyond the limits prescribed in the charter, and does not in any way allege, that it was not erected in pursuance of the authority given by the statute.

THIS was an indictment at common law, for a nuisance occasioned by the erection, by the defendants, of a dam across the Penobscot river. The indictment was found in 1834, and was tried, and a verdict of guilty returned by the jury. Certain questions of law were reserved on a report of the presiding Judge, which were decided against the respondents. A report of the case then before the Court, is found in 3 Fairf. 361.

A motion in arrest of judgment, for insufficiency of the indictment, was filed at the term at which the trial took place. At the July term, 1844, this motion was argued by

*F. Allen*, for the respondents, and by

*Bridges*, Attorney General, for the State.

In his argument, Allen cited *Rex* v. *Mayor, &c. of Liverpool*, 3 East, 86; 1 Chitty's Cr. L. 283; *Commonwealth* v. *Dana*, 2 Metc. 340; *Little* v. *Thompson*, 2 Greenl. 228; *Williams* v. *Hingham Turnp. Cor.* 4 Pick. 341; *Smith* v. *Moor*, 6 Greenl. 274; *Commonwealth* v. *Squire*, 1 Metc. 258; 3 Chitty's Cr. L. 641, 642, 643; 4 Barn. & Ad. 30.

*Bridges*, in support of his argument, cited *State* v. *Godfrey*,

3 Fairf. 361 ; Davis' Precedents, 193 ; 3 Chitty's Cr. L. 641, 642, 643 ; 4 Barn. & Ado. 30 ; *Commonwealth* v. *Hall,* 15 Mass. R. 240.

The opinion of the Court was made known in June, 1845, as drawn up by

TENNEY J. — This indictment is at common law, and alleges that the Penobscot river, between the towns of Orono and Hampden, for more than twenty years next preceding, had been a navigable river and an ancient and common highway for the passage and navigation of boats, rafts and craft, at the pleasure of all the good citizens of this State, and charges the defendants with having erected thereon a dam of certain dimensions across said river, to the damage and injury of the citizens of the State, in exposing to destruction their boats, rafts and craft, in their passage upon said river, and to their common nuisance, &c. A verdict of guilty having been rendered by the jury, the defendants have filed a motion in arrest of judgment, on the ground, that no offence is charged in the indictment.

It is a well established principle, that if all the facts alleged in an indictment may be true, and yet constitute no offence, the indictment is insufficient. A verdict does nothing more than to verify the facts charged, and if these do not show the party guilty, he cannot be considered as having violated the law. *Rex* v. *Lyme Regis,* Dougl. 153 ; *Commonwealth* v. *Odlin,* 23 Pick. 275. In *Rex* v. *Horne,* Cowper, 672, Lord Chief Justice De Grey lays down the rule thus. "The charge must contain such a description of the crime, that the defendant may know what crime it is, which he is called upon to answer; that the jury may appear to be warranted in their conclusions of guilty or not guilty upon the premises delivered to them, and that the Court may see such a definite crime, that they may apply the punishment, which the law prescribes." A defective indictment is not aided by verdict, and a judgment may be arrested thereon. 4 Bl. Com. 375.

By an act of the legislature of this State, passed Feb. 12, 1828, which is declared therein to be a public act, certain persons named, and their associates and successors, were " empowered to erect and keep a dam or dams across the Penobscot river from Bangor to Brewer or Eddington, with such canals, locks, sluices, wharves, piers and side booms at such place or places as they may deem most safe and convenient, between the foot of Rose's or Treat's falls in Bangor, and McMahon's falls in Eddington, for the purpose of flowing the water a sufficient height for the safe and convenient passage of rafts and boats from the foot of Eager's falls, in Orono, to Bangor. And said corporation may erect mills and factories, and use the water flowed by said dam or dams; and may hold and possess real and personal estate not exceeding the value of two hundred thousand dollars, and the same or any part thereof, may sell and convey in fee simple, or any less estate. Provided, that by the erection and maintenance of any dam or other works by said corporation, the navigation and free passage of vessels, boats, rafts, lumber and fish in and upon said Penobscot river, shall not be impaired, lessened or impeded more than the same shall be improved and benefitted by the acts of said corporation."

The indictment refers to no exception, consequently does not negative the erection as being within the charter granted; there is no allegation, that the dam was placed beyond the limits prescribed, or that any of the provisions mentioned in the proviso were not followed. The charge is for making those erections, that are fully authorized by the statute, which Courts are bound officially to notice as a part of the public law of the land. The question then is presented, whether the indictment should allege, that the dam was not erected in pursuance of the authority of the statute, or whether the privilege conferred thereby should be pleaded by the defendants.

When an offence is created by statute and there is an exception in the enacting clause, the indictment must negative the exception. But if there be a proviso, which furnishes matter of

excuse for the defendant, it need not be negatived in the indictment, but he must plead it. *Speirs* v. *Parker*, 1 Term R. 144, 145 ; 6 *ibid.* 559 ; *King* v. *Pratten* ; *Rex* v. *Jarvis,* 1 East. 644, 645, note h ; *Burnett* v. *Hurd,* 3 Johns. R. 438 ; *Teele* v. *Fonda,* 4 Johns. R. 304 ; *Commonwealth* v. *Odlin,* 23 Pick. 275. In this case the indictment is not for a violation of any statute, but for a nuisance upon a river, which had by prescription become a public highway. The statute modified the common law, and so long as it should be in force suspended the privileges previously enjoyed, which were inconsistent therewith. The common law no longer existed, so far as this modification extended. If the erection as described in the indictment, was only such, as was authorized by the statute, there was no law which was infringed. The case of the *King* v. *the Mayor &c. of Liverpool,* is in point. It was an indictment for non-repair of a highway within a certain limit, charging the corporation of Liverpool with a prescriptive liability to repair all common highways, &c. within such limits, excepting such as ought to be repaired according to the form of the several statutes in such cases made, without alleging that the highway in question, was not within any of the exceptions. Lord Ellenborough C. J. asks, "what answer can be given to the objection, that as the prosecutor has pleaded a prescription to repair within the exception of these statutes, he ought to have averred that the street in question was not within any of the exceptions?" and Lawrence J. said, "suppose a statute had passed to say that the corporation were not bound to repair new streets, made after the first of January, 1801, must there not have been an averment, that the street was made before that time?" and judgment was arrested.

The indictment is not in conformity to established rules of criminal pleading, and

*Judgment is arrested.*