STATE OF MAINE *vs.* DANIEL WILKINSON.

Sagadahoc.    Opinion July 16, 1884.

*Practice.    List of witnesses before grand jury.    Stat. 1883, c. 190.*
*Exceptions.*

An objection that the foreman of the grand jury did not return into court a list of witnesses sworn before the jury in finding an indictment, comes too late if first taken after verdict ; and, whenever taken, the objection is not fatal, the statutory provision requiring a list to be returned being directory merely and not mandatory and the court having the power to supply the omission in other ways.

A judge is not required to respond to a request for instructions of a merely speculative character and not material to the issue, however correct the same may be as abstract propositions ; nor to repeat in other form legal propositions already correctly and fully given.

If counsel thinks that a judge in the charge has stated the testimony inaccurately, or expressed any opinion upon it, or that he has used an illustration

unfavorable to his client, the objection should be made before the jury retire, and cannot avail when made for the first time afterwards.

ON exceptions and motion in arrest of judgment.

Indictment for the murder in the summer of 1883, in Bath, of William Lawrence, a night watchman of that city. The jury returned a verdict of murder in the first degree.

The opinion states the questions presented to the law court and the material facts relating thereto.

*Henry B. Cleaves,* attorney general, and *Frank J. Buker,* county attorney, for state.

*Herbert M. Heath,* for the defendant, contended that stat. 1883, c. 190, requiring the foreman of the grand jury, in returning into court before the jury was discharged a list of witnesses who testified before the grand jury, should state the cases in which each witness testified, was mandatory; and the failure so to do could be taken advantage of by motion in arrest. *Com.* v. *Edwards,* 4 Gray, 1.

Counsel argued that a list returned by the county attorney was not a sufficient compliance with the statute. That officer is not named in the statute requiring the list.

The grand jury might have examined witnesses of their own motion, in the absence of the county attorney, or without his knowledge. In that event, his certificate would be untrustworthy.

The statute requires the list to be returned into court before the jury is discharged. This requirement is plainly for the purpose of having the presence of the jury to correct possible errors in the list. But the jury was discharged on the fourth day, and the county attorney furnished his list on the sixth.

The list returned by the foreman was insufficient. It was after the arraignment and nine days after the discharge of the jury.

If this be deemed a compliance with the statute, then the very object of the statute is defeated.

The third and fourth requests should have been given. The instruction was important as measuring the respondent's belief

that he was being unjustifiably attacked. If the shooting by Kingsley was unjustifiable then Wilkinson had a legal right to draw his revolver and no inference of malice could be allowed from the act.

Upon the fifth request, counsel cited: Wharton's Homicide, § § 241, 981, 537; *Mockabee* v. *Com.* 78 Ky. 380; 1 East. P. C. 303; and upon the sixth request, 23 Ind. 231.

Counsel contended that the seventh request was material and that no part was given.

PETERS, C. J. A question arises in relation to the list of witnesses returned into court by the foreman of the grand jury. Until lately the statute required that a general list of all the witnesses sworn before the grand jury should be returned into court by the foreman before the jury is discharged. It now requires that the foreman shall return a list before the discharge of the jury, specifying the cases in which the witnesses testify. The general list was returned without the specification. After the grand jury was discharged, in order to supply the omission, a list of the witnesses sworn before the grand jury in procuring the indictment of the prisoner, was presented to his counsel by the county attorney, and a list of the same witnesses was also brought into court by the foreman; both lists having been presented before the trial began. After verdict the counsel for the accused moves in arrest of judgment for the omission stated.

The objection comes too late. It should be made, if at all, before and not after trial. If the list can be dispensed with before trial, it is useless afterwards. It would give the accused an undue advantage to be allowed to reserve the objection until after an unfavorable verdict. The government should have the earliest opportunity to avoid the predicament. The right of objection, if it existed, has been waived. The cases speak very positively to this effect. *Com.* v. *Betton,* 5 Cush. 427; *Lord* v. *State,* 18 N. H. 173; *State* v. *Norton,* 45 Vt. 258; 1 Bish. Cr. Proc. § § 126, 959; and numerous cases cited.

But we go further than that, and are satisfied that the objection, whenever taken, is not fatal to the proceedings. We think that

the statutory provision is directory merely — not mandatory — and that an omission of its requirements does not, as a matter of right, furnish ground for exception.

If the list is of the exact and literal consequence ascribed to it by counsel, then objection might arise if by mistake a name be omitted from it or improperly added to it, or if a name be incorrectly written —too nice considerations to be supposed to have been intended by the legislature. The list is no part of the finding of the grand jury or the verdict of the trial jury. Neither jury performs any duty in relation to it. The requirement is that the foreman shall return it into court, — a merely formal and ministerial duty imposed upon that official.

A satisfactory answer to the claim of the defendant's counsel is that a true list can be furnished through other means and sources, if the foreman neglects his duty. The defendant's counsel does not complain that a true list was not seasonably furnished for his use, but he complains that it was not furnished in the manner called for by an exact and literal compliance with the statute. The statute provides no losses or conditions for non-compliance. There are many provisions in the statutes, imposing duties upon jurors, clerks and officers, which are merely directory in their character, it being the province of the court to see that they are not disobeyed to the injury of any one. In *Dawson* v. *The People*, 25 N. Y. 399, a statute requiring the filing of an indictment was held to be directory. It is in that case by the court said : "The omission to file it does not avoid the indictment, there being no words of the statute indicating an intent of the legislature that the indictment should be void, if not filed."

In *State* v. *Smith*, 67 Maine, 328, it was decided that the requirement that venires for grand jurors should issue forty days before a certain date, is directory merely to the clerk, and not a limitation on his power to issue.

Where a departure from the statute can work no harm or injury, and the thing to be done can be accomplished in some way other than by strict statutory compliance, and there is nothing to indicate that the legislature designed that the act

should be done exclusively in the manner prescribed or not at all, in such cases the duty imposed is directory merely. The present case falls within this rule. *Com.* v. *Edwards*, 4 Gray, 1. To have a list is a right. The manner of getting it may be a matter of judicial discretion. In some capital cases the list has been furnished by prosecuting officers. *Com.* v. *Knapp*, 9 Pick. 496, 498; *Com.* v. *Locke*, 14 Pick. 485. The list of witnesses indorsed upon an indictment or information, may be amended for cause even after a trial has begun. *People* v. *Hall*, 48 Mich. 482.

Exceptions are taken to the refusal to give certain requested instructions. Those not abandoned by counsel at the argument are the following:

"Third. That if officer Kingsley had killed Wilkinson at the time when he testifies he fired his revolver, such killing would not have been justifiable or excusable, and officer Kingsley would have been liable to indictment therefor.

"Fourth. That officer Kingsley acted unlawfully in shooting at the time and under the circumstances testified to by him.

"Fifth. That to find the respondent guilty of murder of either degree, the jury must find that the arrest of the respondent by Lawrence was legal, and that Wilkinson knew that Lawrence was an officer.

"Sixth. To find express malice, the jury must be satisfied that Wilkinson formed the design to kill Lawrence, and meditated upon the design before the act was committed.

"Seventh. If the jury find that Wilkinson drew his revolver at the time officer Kingsley fired, and his intent in so doing was merely to defend himself against any further shooting from Kingsley, then such intent so formed in Wilkinson's mind was not a felonious intent to take life, and cannot be considered by the jury as proving or tending to prove the element of malice."

The third and fourth requests called for the judge to express an opinion upon a question or questions not material to the issue. We can learn the circumstances alluded to only from the charge of the judge and the admissions of counsel. The evidence is not reported, although made a part of the bill of exceptions. It

seems that Wilkinson, the alleged murderer, being armed with deadly weapons, and engaged in the middle of night with confederates in a store-breaking expedition in the city of Bath, while fleeing to escape arrest, was fired upon by Kingsley, a night watchman of that city. In pursuing his flight, Wilkinson came upon Lawrence, another officer, whom he instantly killed with shots from a revolver. The indictment charges the murder of Lawrence. It was not in the least necessary for the jury to be informed upon any speculative propositions concerning the prisoner's relations with Kingsley, such as were involved in the requested instructions. "A jury should be told where the main question or knot of the business lies," said Lord HALE of the duties of judges. These requests ask for more than that.

The fifth request answers itself. It asserts the doctrine that even if legally arrested, Wilkinson could not be guilty of murder for killing Lawrence, unless he knew Lawrence was an officer.

The sixth request needs no discussion. An examination of the charge shows that the element of deliberation and premeditation was very fully, clearly, and correctly expounded.

The learned counsel evidently places chief reliance upon his exception to the refusal to give the seventh requested instruction. We entertain no doubt that all that was properly asked for here was given in the charge of the judge, and in a manner as forcible and favorable as the request itself, if not more so. We think the linking of the facts is more orderly, and the implications clearer, in the charge than in the request. The judge said:

"On the other hand, it is claimed in behalf of the prisoner that he had no such design or purpose, that he had no intention of killing any one, that the shooting was instantaneous, that it was the result of the confusion and fright caused by officer Kingsley discharging his revolver, and it is urged upon you that you cannot infer from the evidence anything more than this state of facts, and, therefore, that your verdict should be for the second degree and not for the first. I instruct you that if you find the facts as claimed by the counsel for the prisoner, that he had no design to kill any one, no design to use his deadly weapon upon any one and inflict either death or serious harm, up to the

moment he used it, and used it as the result of the confusion and fright caused by the other officer's discharging his weapon, then you ought not to find a verdict of murder in the first degree."

It is argued, however, that this statement eliminates from the requested instruction, the contention of counsel that the accused might not be guilty of murder, even though he had the intention to kill Kingsley in order to save his own life. But in another connection this principle was fully and properly accorded to the accused by the judge, where the following was said :

"Now, it is claimed on the part of the counsel for the prisoner that the shooting was intended by him in self defense, that he had been unlawfully fired at by policeman Kingsley, and that he thereupon drew his revolver to defend himself against such unlawful violence, and that the shooting was for such purpose. And I have been requested to instruct you that if that was so he cannot be declared to be guilty of murder in the first degree. I so instruct you."

The judge supposed a case to illustrate a definition of law to the jury, the prisoner being the actor in the suppositive case, and the counsel thinks it was prejudicial to his client. We think such an effect not to have been possible. If counsel thought otherwise, he should have notified the judge at the time, when there was an opportunity for disclaiming any wrongful or injurious implication. *Smart* v. *White*, 73 Maine, 332.

It is contended that some of the sentences of the charge assume matters to be true that were not proven. The judge should have been notified of his error, if it were such, before the jury retired. *Harvey* v. *Dodge*, 73 Maine, 316. But we can see clearly that the objection is unfounded. The objection to single passages vanishes when the whole charge appears. The judge was speaking hypothetically in the expressions complained of; warning the jury to wholly disregard and reject the testimony commented upon unless they believed it to be true. The judge expressed no opinion upon "any facts in issue." Counsel themselves sometimes get in error from a one sided view, as did the ancient disputants about the color of the fabled shield, one side of which was white and the other black. The appearance of a

case depends much upon the point of observation from which it is viewed.

A motion is pending, upon an appeal allowable under R. S., c. 134, § 27, to set aside the verdict for the incompetency of one of the jurors, who is alleged to have expressed an opinion before going upon the panel, before whom the defendant was tried. Clearly, the motion cannot be sustained.

*Exceptions and motion overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.