STATE *vs.* DAVID KYER, JR.

Penobscot.    Opinion December 14, 1891.

*Pleading.    Practice.    Exceptions.    Motion in Arrest.*

The defendant was convicted before a magistrate for a single sale of intoxicating liquor and after sentence appealed to the Supreme Court. Upon being

arraigned in the appellate court, he filed a general demurrer, claiming that the appeal papers consisting of copies of the record of judgment, complaint and warrant were not properly certified by the court below, and concluded his demurrer as follows : " Wherefore, for want of a sufficient complaint and warrant in this behalf, the said David Kyer, Jr., prays judgment," &c. The demurrer was overruled. The defendant without moving an arrest of judgment excepted to the ruling. *Held :* That the demurrer did not reach the record of conviction, and that the complaint and warrant only were open to objection; *also,* that the defect should be raised upon motion in arrest of judgment.

ON EXCEPTIONS.

The case is stated in the opinion.

*C. A. Bailey*, County Attorney, for the State.

*P. H. Gillin*, for defendant.

FOSTER, J. The respondent appealed from the sentence of a magistrate after conviction upon a complaint charging him with having unlawfully sold a glass of intoxicating liquor. In the appellate court he filed a general demurrer, claiming that the copies of the complaint, warrant and record of conviction were not properly certified by the magistrate. The presiding justice overruled the demurrer and adjudged the complaint and warrant good.

To this ruling the respondent excepted.

The bill of exceptions makes the complaint, warrant and demurrer a part of the case.

The exceptions must be overruled. The demurrer strikes only at the complaint and warrant. These are duly certified. For want of a sufficient complaint and warrant only, does the respondent pray judgment. The joinder on the part of the State relates solely to that. The judgment of the court in adjudging the complaint and warrant good related to the same.

The cases cited by the defense (*Com.* v. *Doty*, 2 Met. 18, *Com.* v. *Burns*, 8 Gray, 482, and *Com.* v. *Sheehan*, 12 Gray, 28) were decided upon motion in arrest of judgment after conviction, and therefore the validity of all the papers brought up and filed was for the court to pass upon.

In *Com.* v. *Doty* none of the copies filed were certified. In *Com.* v. *Burns* a copy of the warrant only bore the certificate

of the magistrate, and in *Com.* v. *Sheehan,* while the complaint and warrant were certified to be true copies, the record of conviction was wanting in that particular.

Undoubtedly in these cases the court, upon motion in arrest of judgment, was bound to take notice of the omission of certification, for jurisdiction therein being wholly appellate, must appear upon the papers filed.

Not so here. While the decision of this court might have been otherwise than that now arrived at, had the objection of want of certification, if such exists, been raised upon motion in arrest of judgment, and been brought before it for determination, no such defect can be reached by this demurrer.

　　　　　*Exceptions overruled. Judgment for the State.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and WHITEHOUSE, JJ., concurred.