STATE OF MAINE *vs.* COLEMAN J. WALSH.

Cumberland.    Opinion April 22, 1902.

*Pleading.    Criminal Law.    Demurrer.*

Upon demurrer to the complaint only in a criminal case, the court cannot go beyond the complaint to consider alleged defects in the warrant or return. If the complaint itself be sufficient in law the demurrer must be overruled.

Exceptions by defendant.    Overruled.

Search and seizure process in the superior court for Cumberland county. The defendant filed in that court the following demurrer : —

And now the said respondent comes into court here, and having heard the said complaint read, says that the said complaint and the matters therein contained in manner and form as the same are therein stated and set forth, are not sufficient in law, and that he the said respondent is not bound by the law of the land to answer the same ; and this he is ready to verify ; wherefore, for want of a sufficient complaint in this behalf, the said respondent prays judgment and that by the court he may be dismissed and discharged from the said premises in the said complaint specified.

Upon joinder by the state, the court overruled the demurrer, and the defendant excepted.

*R. T. Whitehouse,* county attorney, for state.

There was in fact a return signed by the officer, showing a seizure of intoxicating liquors. The return of the liquors was written in by the officer in due form. The portion of the return relating to the arrest of the respondent was a separate sheet annexed to the return of the liquors upon the back of the warrant. This annexed sheet was duly signed by the officer, and that signature was intended to and did suffice for both the return of the arrest and of the seizure of the liquors in question. *Dwight* v. *Humphreys,* 3 McLean, U. S. 104, and *Litton* v. *Armstead,* 9 Baxt. (Tenn.) 514.

Such defect cannot be reached by a motion in arrest of judgment.

If there had been no return of liquor seized such defect is cured by demurrer. *Com.* v. *Gregory,* 7 Gray, 498. But no such motion was made by the respondent. Instead, he has demurred, and a demurrer is, upon all authorities, a general appearance. *Hale* v. *Continental Life Ins. Co.,* 12 Fed. 359 ; *Life Ins. Co.* v. *Palmer,* 81 Ill. 88 ; *Gilbert* v. *Hall,* 115 Ind. 547. Even where the demurrer is for want of jurisdiction over the person. *N. J.* v. *N. Y.* 6 Peters, 323 ; *Ogdensburg R. R. Co.* v. *R. R. Co.,* 63 N. Y. 176 ; *Maine Bank* v. *Hervey,* 21 Maine, 38 ; *Buckfield Branch R. R. Co.* v. *Benson,* 43 Maine, 374 ; *Vance* v. *Funk,* 3 Ill. 263. Even if the defect in question could be reached by demurrer, the defect is amendable, and the law court will continue the case for amendment. *Com.* v. *Parker,* 2 Pick. 549 ; *Com.* v. *Carney,* 153 Mass. 444 ; *Welch* v. *Damon,* 11 Gray, 383 ; *Baxter* v. *Rice,* 21 Pick. 197.

*D. A. Meaher,* for defendant.

This case comes before the court on demurrer, so that the main objections to the warrant, as a matter of law, are,

1. Because the warrant orders a search of the person without the support of a complaint on oath or affirmation.

2. Because the return does not show whether the liquors were found on the premises described in the complaint, or on the person who was on the premises.

3. Because the alleged seizure was not signed by the officer and does not state when the seizure was made.

Allowance of amendment.  *Johnson* v. *Day*, 17 Pick. 106; *Shepherd* v. *Jackson*, 16 Gray, 600; *State* v. *Hall*, 49 Maine, 412, 415; *Com.* v. *Maloney*, 145 Mass. 205, 211; *State* v. *Gust*, 70 Wis. 631; *Carter* v. *Wyatt*, 43 Wis. 570, 574; *Vail* v. *Rowell*, 59 Vt. 109; *Mosseaux* v. *Brigham*, 19 Vt. 457; *Stratton* v. *Lyons*, 53 Vt. 130; *King* v. *Bates*, 80 Mich. 367, 20 Am. St. Rep. 518; *Noyes* v. *Hillier*, 65 Mich. 656; *People* v. *Chapman*, 62 Mich. 280, 4 Am. St. Rep. 857; *Foster* v. *Alden*, 21 Mich. 507; *Ramsey* v. *Cole*, 10 S. E. Rep. 598; *Vastine* v. *Fury*, 2 S. & R. (Penn.) 426; *Clarke's Case*, 12 Cush. 320; *Sawyer* v. *Harmon*, 136 Mass. 414; *Hale* v. *Finch*, 1 Wash. 517; *Hegler* v. *Henckell*, 27 Cal. 492; *Walker* v. *Com.* 18 Grat. (Va.) 13, 98 Am. Dec. 631; *Hussey* v. *Cole*, 84 Ga. 147, 149; *Thatcher* v. *Miller*, 11 Mass. 413; *Thatcher* v. *Miller*, 13 Mass. 270; *Baxter* v. *Rice*, 21 Pick. 197.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J.  The respondent's argument goes wholly to the warrant and the officer's return upon the warrant.

In *State* v. *Kyer*, 84 Maine, 109, the demurrer was to the complaint and warrant; judgment was prayed for want of sufficient complaint and warrant.  The court held that it could not go beyond the demurrer, into any parts of the process or proceedings not demurred to.

In his demurrer in this case the respondent names the complaint only as the object of the demurrer.  He prays judgment for want of a sufficient complaint only.

The only question raised, therefore, is the sufficiency of the complaint.  The respondent in his argument has not attacked the complaint.  No defect in the complaint is pointed out and we see none.

*Exceptions overruled.*