STATE *vs.* HARRY L. PIO.

Hancock.   Opinion April 11, 1914.

*Complaint and Warrant.   Description.   Demurrer.   Exceptions.   Records.*
*Search and Seizure.*

1.  The point that the copies sent up, from the Municipal Court on appeal
were certified by the recorder and not by the Judge is not open on demurrer.
2.  The words "in a certain automobile, numbered 9193, standing in the
highway in said Ellsworth, leading from Ellsworth to Washington Junc-
tion, and at a point in said highway about fifty feet westerly of the way
leading to the Powder House of Morrison Joy Co.",is a sufficient allegation
of a place in a complaint and warrant for the seizure of intoxicating liquors,
intended for unlawful sale, under R. S., chap. *29*, sect. 48.

On exceptions by respondent.  Exceptions overruled.  Judgment
for the State.

This is a search and seizure process, under Revised Statutes,
chapter 29, section 48, from the Ellsworth Municipal Court.  The
respondent was arraigned before the Judge of said court and pleaded
not guilty.  Was found guilty and sentenced to pay a fine of one
hundred dollars and costs, and to serve sixty days in jail, and in
default of payment of fine and costs, to serve sixty days additional
in jail.  From this sentence, the respondent appealed to the Supreme
Judicial Court, October term, 1913, and at said term, filed a general
demurrer to complaint and warrant.  The presiding Justice over-
ruled the demurrer and the respondent excepted to said ruling.

The case is stated in the opinion.

*Herbert L. Graham,* for State.

*Daniel E. Hurley,* for respondent.

SITTING:  SAVAGE, C. J., SPEAR, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   Demurrer to complaint in search and seizure pro-
cess, under R. S., chap. 29, section 48, which chapter is the pro-
hibitory liquor statute of this State.

The defendant contends in support of the demurrer, first, that the copies sent up from the Municipal Court on appeal were certified by the recorder and not by the Judge. This point is not open on demurrer. *State* v. *Kyer,* 84 Maine, 109.

The defendant contends, secondly, that the words in the complaint designating the place where the liquor was found and seized, were not a sufficient allegation of "place," so as to authorize a seizure under section 48. The words are "in a certain automobile numbered 9193 standing in the highway in said Ellsworth, leading from Ellsworth to Washington Junction and at a point in said highway distant about fifty feet westerly of the way leading to the Powder House of Morrison Joy Co." The contention is that these words do not describe a "place." We think they do, and quite definitely. Intoxicating liquors intended for unlawful sale are seizable, if found in an automobile, the same as if found in any other place.

The defendant cites and relies upon *State* v. *Fezzette,* 103 Maine, 467. But that case was different. There it was held that a valise, a piece of hand baggage, was not a "place." But we can discover no points of similarity, as to what is in law a place, between a valise and an automobile. There is no analogy.

*Exceptions overruled.*
*Judgment for the State.*