STATE OF MAINE

*vs.*

ETHMA COLE.

Penobscot.    Opinion June 3, 1914.

*Complaint.    Demurrer.    Exposure.    Indictment.    Revised Statutes,*
*Chap. 125, Sec. 5.*

Complaint under Revised Statutes, Chap. 125, Sec. 5, against respondent for indecent exposure of his person, to which he filed a demurrer and in connection therewith a so called reservation of a right to plead over.

*Held:*

1.   That in such case, unless a right to plead over was granted by the Justice who ruled on the demurrer, judgment on the indictment goes automatically for the State.

2.   The right to plead over cannot be had by merely "reserving" it.  It must be granted by the court.

On exceptions by respondent.  Exceptions overruled.

This is a complaint under Revised Statutes, Chap. 125, Sec. 5, against the respondent for wantonly and indecently exposing his private parts openly and in the presence of the complainant.  The respondent demurred to the complaint and warrant and the presiding Justice overruled the demurrer.  To which overruling of said demurrer, the respondent excepted.

The case is stated in the opinion.

*Donald F. Snow,* County Attorney, for the State.

*U. G. Mudgett,* for respondent.

SITTING: SAVAGE, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.    Complaint under Revised Statutes, Chap. 125, Sec. 5.  The defendant demurred.  The demurrer was overruled, and exceptions were taken.

The allegation in the complaint is that the defendant "did wantonly and indecently expose his person by then and there openly and in the presence of the complainant expose to view his private parts, against the peace of the State" and so forth.

The statute in question provides that "Whoever wantonly and indecently exposes his person shall be punished." The only grounds of demurrer argued are that the act constituting the offense is not set out, and that under such a complaint a man might be convicted when he had merely accidently exposed his person.

We think otherwise. The particular act by which it is alleged that the defendant "wantonly and indecently exposed his person" was the exposure of his private parts. And that is alleged. The very terms "wantonly and indecently" exclude accidental exposure. The points taken by the defendant are not tenable. The exceptions must be overruled.

And in such case, unless a right to plead over was granted by the Justice who ruled on the demurrer, judgment on the indictment goes automatically for the State. In this case the record shows that the defendant in connection with his demurrer filed a so called reservation of a right to plead over. But it does not appear that any such right was granted by the presiding Justice. The bill of exceptions is silent. The right to plead over cannot be had by merely "reserving" it. It must be granted by the court. We cannot give effect to the reservation.

*Exceptions overruled.*
*Judgment for the State.*