STATE OF MAINE
*vs.*
LAWRENCE A. MCNALLY

Aroostook.    Opinion, July 26, 1950.

*James P. Archibald, County Attorney,* for State.

*Nathan H. Solman,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J.  The respondent Lawrence A. McNally was arrested on September 6, 1949 on complaint of Alfred A. Ayotte and on warrant issued by the Houlton Municipal Court for the offense of intoxication.  The complaint alleges "that Lawrence A. McNally of Houlton on the 4th day of September 1949 at Houlton, was found intoxicated in a public place, to wit, Bangor Street." The complainant made oath before Harry H. Baulch, Judge of the Municipal Court. The warrant was signed by Judge Baulch.  The respondent was adjudged guilty by the Houlton Municipal Court and fined $30.00 and costs, from which decision the respondent appealed to the Superior Court for the County of Aroostook. At the September term of the Superior Court 1949, the respondent filed a demurrer to the complaint, with a statement of fact alleged in the demurrer "that said complaint was drafted by the Judge of the Houlton Municipal Court and was not drafted by the recorder of said court all in violation of Chapter 84 of the Private and Special Laws of Maine 1949." There is nothing whatever in the record to indicate who did or did not draft the complaint, or who did or did not draft the warrant.  The complaint was signed by one Ayotte who made oath to the truth before the Judge of the Municipal Court.  The form of the complaint and warrant is the usual form used in the Municipal Courts of Maine.

The demurrer was overruled by the justice presiding in the Superior Court and "leave granted to plead over." Exceptions were taken to the overruling of the demurrer, and the case is before the Law Court on these exceptions. No briefs were submitted, and there was no oral argument. The exceptions are not sustained.

The demurrer in this case filed by the respondent's attorney is a demurrer which states that it is a demurrer to the *complaint,* and that the *complaint was not drafted by the recorder.* The bill of exceptions, however, refers to the fact that Chapter 84 of the Private and Special Laws of 1949 states (as it does state) the recorder *"shall draft all criminal warrants."* To "draft" is to draw up, to write a form of, to compose. Webster's New International Dictionary. The statute does not require the *complaint* to be drafted by the recorder. Any person having knowledge may make a complaint. The statute does not require the warrant to be *signed* by the recorder. From all that appears in the record, the complaint, or the warrant, or both, were drafted by the recorder. It was signed by the judge, as permitted by the act establishing the Houlton Municipal Court. See Chapter 154, Private and Special Laws of 1911, amended by Chapter 63 of the Private and Special Laws of 1945, and further amended, to give authority to recorder to draft warrants, by Chapter 84 of the Private and Special Laws of 1949.

A demurrer is a signed statement in writing filed in a proceeding in court, to the effect that admitting the facts of the proceeding pleading to be true, as stated by the adverse party, legal cause is not shown why the party demurring should be compelled to proceed further. Demurrers are general where no particular cause is assigned, and special where the particular defects are pointed out. Bouvier's Law Dictionary; *Neal* v. *Hanson,* 60 Me. 84; *State* v. *Dresser,* 54 Me. 569; *State* v. *Godfrey,* 24 Me. 232.

In the case at bar the demurrer is to the complaint, and it attempts to point out "that said complaint was drafted by the Judge of the Houlton Municipal Court and was not drafted by the recorder of said court all in violation of Chapter 84 of the Private and Special Laws of Maine 1949." Chapter 84 of the Laws of 1949, however, mentions the warrant only. The statute says nothing about the complaint. No such defect, in any event, if a defect exists, can be reached by demurrer. The complaint is in proper form and the court cannot go beyond the complaint upon this demurrer. A demurrer reaches only the matters apparent on the face of the pleading demurred to. The Superior Court was correct in overruling the demurrer. *State* v. *Kyer*, 84 Me. 109; *State* v. *Walsh*, 96 Me. 409; *State* v. *Sheehan*, 111 Me. 503; *State* v. *Pio*, 111 Me. 506; *Mitchell* v. *Sutherland*, 74 Me. 100; *Delcourt* v. *Whitehouse*, 92 Me. 254; Standard Ency. Procedure, Vol. VI "Demurrer," 888; American Jurisprudence, Vol. 41, Page 465 "Pleading," Section 246.

Even if Section 2 of Chapter 84 of the Private and Special Laws of Maine, 1949, were applicable to the drafting of complaints, and the issue here presented were properly raised by plea instead of demurrer, it would avail the defendant nothing. The provision respecting drafting by the recorder is clearly *directory—not mandatory*—within the rule set forth in *State* v. *Wilkinson*, 76 Me. 317, 320. We there stated:

> "Where a departure from the statute can work no harm or injury, and the thing to be done can be accomplished in some way other than by strict statutory compliance, and there is nothing to indicate that the legislature designed that the act should be done exclusively in the manner prescribed or not at all, in such cases the duty imposed is directory merely."

In this case the record shows that the respondent, in connection with his demurrer, filed a reservation of a right to

plead anew. It appears also that the presiding justice, when overruling the demurrer, expressly granted this right to plead. *State* v. *Cole,* 112 Me. 56. The entry will therefore be,

*Exceptions overruled.*

*Respondent to plead over.*