Nye *v.* Wright.

Monday of November *next*," and at the November term, 1839, a judgment was rendered by default, it was reversed on error.

J. B. THOMAS, for the plaintiff in error.

A. CAMPBELL, for the defendants in error, contended that the summons to the defendant in the Court below, was sufficient under the laws of this State.   That the defendant was bound to know when the " next term " of the Court would be holden, as the time is fixed by the law of the State ; and no person can plead ignorance of the law.   That the summons having been made returnable " on the first day of the next term," all in addition, with regard to the time when returnable, may be rejected as surplusage. R. L. 487. (1)

————————

IRAM NYE, appellant, *v.* ENOCH WRIGHT, appellee.

*Appeal from Brown.*

The practice is well settled, that a defendant, by filing a plea to a declaration, waives an antecedent demurrer.   But where a plea is relied upon as a waiver, it should be set out in the record.   The mere allegation in the record, that issue was joined, is not sufficient.

Where the record showed, that a demurrer had been filed, in the Court below, by a defendant, and the plaintiff had joined in demurrer :  *Held*, that it was error in the Court below to proceed with the cause, and submit it to a jury, upon its merits, without having first disposed of the demurrer.

THIS action was tried at the April term, 1840, of the Brown Circuit Court, the Hon. Peter Lott, presiding. A jury was empannelled, and a verdict and judgment rendered for the plaintiff, for $ 44,25 and costs.

The defendant appealed to this Court.

S. A. DOUGLASS, for the appellant.

S. T. LOGAN, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court :

Wright brought an action of *trespass* against Nye. The defendant below demurred to the declaration, and the plaintiff below joined in demurrer.

The record, after containing several orders, states, " This day again came the parties, by their attorneys, and issue being joined, put themselves upon the country for trial ; and thereupon came a jury," &c., who found a verdict for the plaintiff below, and judgment was rendered thereon.

It does not appear, from the record, that the demurrer filed in the cause, was disposed of or decided, unless the entry on the record, as above stated, waived the demurrer. The practice is well settled, that the defendant, by filing a plea to the declaration, waives an antecedent demurrer ; but as the record shows a demurrer filed, it ought to appear distinctly from the record, that the defendant had consented to waive the demurrer, and had filed a plea. In case a plea is relied on as a waiver, the plea should be set out in the record.

The mere allegation in the record, that issue was joined, is not sufficient. The judgment is reversed, with costs, and the cause remanded, with instructions to the Court below, to decide the demurrer, or in the event a plea has been filed in the cause by which the demurrer has been waived, that a *venire de novo* issue.

*Judgment reversed.*

*Note.* See Lincoln *et al. v.* Cook, *Ante* 61.