582          EDBROOKE *v.* COOPER *et al.*          [Sept. T.

Opinion of the Court.

## GEORGE H. EDBROOKE

*v.*

## WILLIAM S. COOPER *et al.*

1. PLEADING—*filing a plea pending a demurrer.* A party is not allowed to plead and demur to the same matter.

2. A defendant, by filing a plea to a declaration, waives an antecedent demurrer, but this rule does not apply to a plaintiff unless he joins issue on the plea.

3. Where a defendant files a demurrer to a declaration, and subsequently files a plea, and, after the plea is filed, the demurrer is argued and overruled, it is proper to strike the plea from the files. The defendant, in such case, is estopped from claiming his demurrer was abandoned.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. S. M. DAVIS, for the appellant.

Messrs. CARTER, BECKER & DALE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 6th day of April, 1874, appellant filed his demurrer to the plaintiffs' declaration, and, three days afterwards, that is to say, on the 9th, he also filed his plea of *non assumpsit* thereto. The record recites that, on the next day, the 10th, "This day came the plaintiffs to this suit, by Carter, Becker & Dale, their attorneys, and the defendant, by S. M. Davis, his attorney, comes also, and this cause coming on now to be heard upon the defendant's demurrer to the plaintiffs' declaration filed in said cause, after argument of counsel, and due deliberation by the court," * * "the court, being fully advised in the premises, finds that said declaration is sufficient in law, and orders that said demurrer be and the same is hereby overruled."

On the 11th of the same month the record shows the plea of *non assumpsit* was, on motion of plaintiffs' attorneys, stricken from the files "for want of affidavit of merits, in pursuance of the statute in such case made and provided," and judgment was then entered against the defendant for want of a plea. Subsequently, the record was, by order of the court, amended by striking out the words, "for want of affidavit of merits, in pursuance of the statute in such case made and provided."

The errors assigned question the regularity of the action of the court in sustaining the demurrer, and in subsequently striking the plea from the files.

There is no pretense that the declaration was, in fact, obnoxious to demurrer; but it is insisted the filing of the plea subsequently to the filing of the demurrer, was an abandonment of the demurrer, and withdrew the question presented by it from the consideration of the court.

It has been held in *Nye v. Wright*, 2 Scam. 222, and *Grier v. Gibson*, 36 Ill. 521, that a defendant, by filing a plea to a declaration, waives an antecedent demurrer, but this can hardly apply to the plaintiff, unless he joins issue on the plea.

It is an old and familiar rule of pleading, that a party is not allowed to both plead and demur to the same matter. Stephens on Pleading, (9th Am. Ed.) 278.

The record distinctly shows that the defendant did not abandon his demurrer, but that he appeared when it was called up by counsel, and it was overruled after argument of counsel. He is, therefore, estopped by the record from claiming his demurrer was abandoned.

The plea having been filed subsequently to the filing of the demurrer, and while the issue presented by it was still pending, the court was authorized to treat it as a nullity, and strike it from the files. *Taylor v. Rhea*, Minor, 414.

Even if the plea had not been filed until after the demurrer was disposed of, being filed without the leave of the court,

it might, in the discretion of the court, have been stricken from the files.   *Conradi et al.* v. *Evans et al.* 2 Scam. 186.

The court certainly was not authorized to strike the plea from the files merely because it was not sworn to, since no affidavit was filed with the declaration; but it was properly stricken from the files because it was improperly filed while the issue on the demurrer was pending.

No objection is pointed out to the amendment of the record, and we are of opinion there is none.

The judgment is affirmed.

*Judgment affirmed.*