JOSHUA R. HULL *et al.*

*v.*

JOSIAH L. JOHNSTON *et al.*

1. PRACTICE—*plea is waiver of demurrer.* The filing of a plea to a declaration is a waiver of an antecedent demurrer to the declaration, and it is error to strike such plea from the files, and decide the demurrer, against the objection of the defendant.

2. ESTOPPEL—*by statement in court.* Where a defendant states, in open court, that he waives a demurrer filed by him to the declaration, and relies on his plea subsequently filed, this is equivalent to an express withdrawal of the demurrer, and will estop him from afterwards insisting upon the demurrer.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellants.

Mr. D. S. GOODING, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It will not be necessary, at this time, to discuss the merits of this case, as the present judgment must be reversed on account of the error of the court in striking defendants' pleas from the files. After the declaration had been amended, by leave of court, defendant again filed a demurrer to it, but subsequently, and before any action was taken on the demurrer, defendants filed their plea of *nil debet* to the whole declaration. Thereupon, plaintiffs moved to strike that plea from the files of the cause, because the demurrer to the declaration, which had been previously filed, had not been disposed of, and that defendants could not properly file a plea until after some action had been had by the court on the demurrer,—which motion defendants resisted on the ground the filing of the plea was a waiver of the demurrer previously filed; but the court sustained the motion, and struck the plea from the files of the cause, to which ruling of the court defendants excepted.

Immediately thereafter plaintiffs moved the court that the demurrer to plaintiffs' amended declaration be then heard, which motion defendants resisted, on the ground the demurrer was waived by the subsequent filing of their plea, but the court overruled the objection and allowed the motion, to which ruling of the court defendants saved an exception according to the practice in such cases.

The practice is settled, by the previous decisions of this court, that the filing of a plea waives an antecedent demurrer to the declaration. *Nye* v. *Wright*, 2 Scam. 222; *Grier* v. *Gibson*, 36 Ill. 521. The rule has always been understood to rest upon the reason, as expressed in *Nye* v. *Wright*, that it must distinctly appear from the record, defendant had consented to waive the demurrer and had filed a plea to the whole declaration. The case at bar falls exactly within the principle of that case. When plaintiffs moved to strike defendants' plea from the files of the cause, the motion was resisted by defendants for the distinct reason stated, the demurrer had been waived by filing a plea to the declaration. Again, when plaintiffs moved the court to take immediate action on the demurrer, the motion was resisted for the same reason. Surely, nothing more could be done by defendants to show their unequivocal assent to the waiving of the demurrer than was done. It was equivalent to an express withdrawal.

Counsel cite *Edbrooke* v. *Cooper*, 79 Ill. 582, as announcing a different rule, but we do not so understand that case. In that case the record distinctly disclosed that defendant did *not* abandon his demurrer, for when it was called up he appeared and submitted argument, and the decision is placed on the sole ground defendant was estopped by the record from claiming that his demurrer had been abandoned. That case and the one at bar are essentially different in their facts, and are readily distinguishable from each other on principle. On this record defendants would be and are estopped by their declarations, in open court, to deny they had abandoned their demurrer, previously filed, to the declaration. It was so expressly de-

clared, and they could not be heard in this court to assert the contrary.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*