served by the sheriff of the county where the defendant, if it be a domestic corporation, is "*found*," that is, *keeps its principal office, or transacts its principal business*, by delivering a copy of such summons to the president or other head of the corporation, or to the secretary, cashier, treasurer or general agent thereof; but if no such officer can be found in the county, service may be had on any stockholder of said corporation *in such county*. It does not provide for service of summons on a corporation out of the county where it is found.

But the statute makes such provision, and so far is not in conflict, as the two sections may stand together in this respect.

It is doubtful if service of summons can be had upon any officer of a corporation except the president, unless in pursuance of some statutory provision. The only question is, whether the Code provision (Sec. 37) does not repeal so much of the statute as authorizes service of summons upon the vice-president, or general superintendent, though as to the latter, he would be held included within the words general agent.

My conclusion from the premises is, that the conflict between the statute (General Laws, Sec. 220,) and Sec. 37 of the Code, is more apparent than real—that both sections can harmonize together, and that service of summons on a domestic corporation, under both the Code and the statute, must be substantially as prescribed in the statute, by service on the proper officer in the county where the principal office of the company is kept, or its principal business is done.

St. Elmo, Colo.                                JOHN C. KERR.

YALE LAW LIBRARY.

## STANBURY v. KERR.

*(Supreme Court of Colorado, December Term, 1881—Appeal from the District Court of Arapahoe County.)*

1. DEMURRER. One who answers over after demurrer to complaint is overruled, thereby waives exception to the overruling of the demurrer.

2. MONEY PAID FOR A SPECIFIC PURPOSE may not be applied by the person receiving the same to a different object.

3. TESTIMONY. The Court may properly refuse to allow a witness to give inconsistent testimony in his own behalf.

4. FORM OF JUDGMENT. Under the Code, the distinction between law and equity as to forms is abolished. The Court may render such judgment as the nature of the case and evidence may warrant.

Stone, J.   The first error assigned is to the overruling the demurrer to the plaintiff's amended complaint.   If it were necessary to determine the sufficiency of the complaint upon this assignment, we should probably find, that, since one condition of the bond declared on was unquestionably good, upon breach pleaded of this, the demurrer was rightly overruled; but, aside from this, the appellant, by answering over, waived his demurrer, and cannot thereafter assign error for such overruling.   *Freas* v. *Englebrecht*, 3 Colo., 377; Puterbaugh C. L. Pr., 266, and cases cited.

As the second, third, fourth, fifth and sixth assignments are not presented in the argument by counsel for appellant, they appear not to be relied upon, and will not be noticed here, further than to say, that, upon examination, we do not find them well laid.

The seventh error assigned is:

"The District Court erred in sustaining plaintiff's objection to the question, 'What is the amount of attorney's fees?' propounded to the witness Kerr, and in not allowing the witness to answer the same."

The witness had just testified that he had received $125 from Mrs. Troutt, his co-defendant and principal on the bond; that this money had been paid him monthly, $25 each month, that being the amount of rent due each month to plaintiff from Mrs. Troutt, as tenant; that the money was paid to him, witness, on account of the said rent; that he became Mrs. Troutt's surety for the payment of this rent; that he had tendered it to the plaintiff, who refused it, and that then he was entitled to use it, to indemnify and protect himself "against anything that was necessary in the suit."

From this testimony, it will be seen that the amount of attorney's fees was immaterial (presuming that the fees referred to were those incurred by the witness in this suit), for the money being paid to him to satisfy the rent due plaintiff, its expenditure for any other purpose would be no defense in a suit to compel its application to the purpose for which it was deposited with him by his principal.

The eighth assignment is based on the Court's refusal to allow the defendant to show by his own testimony—

"That the moneys received by him from Amanda J. Troutt were solely to indemnify him against all damages, attorney's fees and other costs and damages which might be occasioned to him by reason of defending any suit that might be brought against him on account of his suretyship on the supposed bond in the complaint mentioned, and that he had already expended in defending said suit, in costs and attorney's fees, a sum exceeding $125."

The effect of this testimony, if allowed, would have been in part to contradict what the witness had just previously testified to, touching the purpose for which the money had been paid into his hands, and is, moreover, open to the same objection as stated above, respecting the question as to the amount of attorney's fees.

The ninth, tenth and eleventh assignments are, that the Court erred in finding the issue for the plaintiff, in finding the sum of $139 to be due from defendant Kerr, together with his co-defendant Troutt, and in ordering judgment against defendant Kerr.

We are unable to perceive that the Court erred in the findings and judgment.

One of the conditions of the bond was, to pay all costs and damages which had been, and should be, sustained by plaintiff by the wrongful detention of the premises; and it appears that the plaintiff had been deprived of the use of the premises, by the wrongful detention of the defendant Troutt, seven months. A reasonable measure of damages was, the stipulated rent, at $25 per month, amounting to $175. The judgment against appellant was for $139, being the sum of $125, which he admitted he had received as rent due the plaintiff, together with the interest thereon.

The form of the judgment is not open to objection under the facts in the case. It was proper for the Court to render such judgment as the nature of the case and the evidence showed the plaintiff entitled to. (Civil Code, Sec. 71; *ibid*, Chap. IX.) While some of the features of this case pertaining to the form of the action and of the judgment rendered, present apparent novelties, when measured by the rules of common law practice, yet we think they may be regarded as coming fairly within the contemplated scope and rules of our

present code of procedure, whereby distinctions between law and equity are disregarded as to forms; and, upon this view, we think the evidence warranted the findings and judgment rendered, and that substantial justice was done thereby.

The judgment is affirmed.

*E. L. Smith,* attorney for appellant.