*Louis Branson,* for plaintiff in error.
*W. W. Cooke,* for defendant in error.

———— ▸●◂ ————

## WEBB, Receiver, *v.* SMITH.

(*Supreme Court of Colorado, December Term, 1882—Error to the Gunnison County Court.*)

1. PLEADING AND PRACTICE—DEMURRER WAIVED BY ANSWER. A defendant, by filing answer after his demurrer has been overruled, waives his exception to the ruling on the demurrer, and cannot be heard in the Supreme Court to question its correctness.

2. EVIDENCE—SUBSEQUENT ADMISSIONS OF AGENT. The admissions of an agent, concerning an indebtedness within his power to contract and pay, are admissible in evidence, under an exception to the rule excluding the declarations of an agent made subsequent to the transaction to which they relate. But such declarations are only *prima facie* proof against the principal.

3. CONTRACT—MUTUAL AND DEPENDENT UNDERTAKING—RIGHT TO ENFORCE. In an agreement containing mutual and dependent undertakings, the party desiring to enforce the contract, or to recover damages on account of breach thereof, must allege and prove compliance on his part with the conditions.

48

HELM, J.   Plaintiff in error, who was defendant below, demurred to the complaint on the ground of a defect of parties; his demurrer was overruled, and thereupon he filed his answer and went to trial on the merits.    By so doing he waived his exception to the ruling upon his demurrer, and cannot now be heard to question the correctness thereof.

The action was brought against Webb as receiver for the Good Enough Mining and Milling Company.   The Court allowed the plaintiff below to testify that, previous to the receiver's appointment, he presented a bill for the amount of his claim to the secretary and superintendent of the company, and that both of said officers acknowledged the correctness of the same and promised payment thereof.   Plaintiff was also allowed to testify that the president told him in New York City that the company was short of funds, but he would see that the bill was paid.

Error is assigned upon the admission of these declarations by the officers of the company.

The company, being a corporation, could contract debts, audit accounts therefor, and pay the same only by its agents. Under the circumstances disclosed by the record in this case, we conclude that the superintendent and secretary were its general agents in the transaction of its business, and that they were clothed with all the powers essential to the successful management thereof.

The declarations objected to had reference to a past transaction; they were admissions of a debt previously contracted; therefore they were not admissible as a part of the *res gæsta;* they could not bind the company in the way of an estoppel. But being made by its general agents and representatives, concerning an indebtedness clearly within their power to contract and pay, they were admissible under an exception to the rule excluding the declarations of an agent made subsequent to the transaction to which they relate; they were, however, only "*prima facie* proof" against the company, to be received for what they were worth; their entire effect might have been destroyed by corrections, or by explanations showing ignorance, mistake or want of authority in the premises.   See 2 Wharton's Evidence, Secs. 1175, 1177 and 1180, and cases cited in notes.

There is some doubt about the admission of proof concerning the president's declarations. But this case was tried to the Court, and we are of the opinion that this testimony could not have prejudiced defendant, and that the error, if any, is not sufficient to justify a reversal.

Defendant below by cross-complaint sought to recover $1,000 from plaintiff, previously paid him by the president of the company under a certain "memorandum of agreement." By the terms of said agreement, plaintiff, on or before a given date, was to deposit in the German National Bank of Denver a good and sufficient deed, conveying to the company a certain mine; and the company, by its president, agreed to deposit in said bank, on or before the same date, the sum of $99,000, in addition to $1,000 paid at the time of entering into the contract; upon the deposit of the money as aforesaid to the credit of plaintiff, the said escrow deed was to be delivered. Then come in said memorandum of agreement the following conditions, viz.: "Should said party of the second part fail to keep the terms of this contract, and should he not deposit the sum above specified, in above named bank, by day above mentioned, this contract to be null and void, * * * and all moneys paid by party of the second part to party of first part shall become forfeited to said party of the first part. Should party of the first part fail to perform the terms of this contract * * * * this contract becomes null and void, and all moneys paid to him by said second party * * * shall be returned to said party of the second part, with interest."

On the trial defendant called plaintiff as a witness, and proved the receipt by him of the $1,000 mentioned in the agreement. He then interrogated him as to whether he had deposited the deed in escrow as provided in said agreement, and whether he had repaid the $1,000, or any part thereof. To these questions objections were sustained, and the Court's rulings thereon constitute the last assignment of error.

The conditions in the agreement, above set forth, are mutual and dependent, and before either party can enforce the contract or rescind the same, and recover damages or advance payments, it is necessary for him to allege and prove a compliance on his part with the conditions thereof, or facts which

will excuse him from such compliance. The right to recover back the $1,000 advanced is made, by the terms of the contract, dependent upon the deposit of the balance of the purchase money, as well as upon plaintiff's failure to place the deed in escrow; and defendant must be able to plead and prove such deposit, or conduct on the part of plaintiff which will excuse him from making the same, before he is in a position to bring his action and recover the amount of his advancement.

There is no allegation in the cross-complaint of a deposit or tender of the balance of the purchase money, and there was no effort or offer to prove the same. Neither the company, nor defendant as the receiver therefor, could maintain an action under the showing made for the purchase money advanced. Defendant was not in a position to take advantage, by an action to recover back the advancement, of plaintiff's failure to comply with the contract; and therefore the Court committed no error in rejecting the testimony offered to establish such failure.

The judgment will be affirmed.

*Judgment affirmed.*

*Karr & Shackelford,* for plaintiff in error.

*Aaron Heims* and *A. J. Miller,* for defendant in error.