## ELLIOTT ET AL. v. FIELD.

1. PRACTICE—CONTINUANCE.—A party has the right to be present at the trial to assist his counsel, and his unavoidable absence may be cause for a continuance.

2. DEMURRERS—WAIVER.—All demurrers to a complaint, except for the ground that the same does not state a cause of action, or that the court is without jurisdiction of the subject-matter or of the person of the defendant, are waived if, after demurrer overruled, the defendant answers and goes to trial.

3. NEGLIGENCE — COMMON DUTY — COMMON LIABILITY. — Where the owner of a lot and the city are under common obligation to keep safe a sidewalk in front of the premises, a party injured in consequence of their failure to perform their common duty may have his action against them jointly or severally.

*Error to the County Court of La Plata County.*

Messrs. WILSON & McCLOSKEY and Mr. O. S. GALBREATH, for plaintiffs in error.

Messrs. JACKSON & YEAGER, Mr. JOHN HIPP and Mr. GEO. T. SUMNER, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This was an action by the defendant in error against the plaintiffs in error to recover damages for personal injuries which the complaint alleges were sustained by the plaintiff on the night of the 20th of September, 1891, as the result of

his falling into a deep and dangerous excavation made by the defendant Elliott in a public street in the city of Durango, which the said defendant and his codefendant, the city, negligently and wrongfully suffered to remain open and exposed for a period of about three months without any protection and without any light or signal to indicate danger at night.

The trial resulted in a judgment for the plaintiff against both defendants in the sum of $1,140, to reverse which the defendants are prosecuting this writ of error.

To the complaint the defendants interposed separate demurrers, on the grounds of uncertainty; that the complaint did not state a cause of action; that there was an improper joinder of several causes of action, and a misjoinder of parties defendant. These demurrers were overruled by the court, and the defendants, not electing to stand by their demurrers, filed separate answers, that of the defendant Elliott being a general denial, while the answer of the city contained not only a general denial, but a so-called separate and further defense, alleging that the excavation was in the sidewalk, and the city was not the owner of the adjoining lot; that the excavation was not made by it or under its authority, and that it had no notice of any defect in the street. The plaintiff filed a replication denying this affirmative matter, and trial was had upon the issues thus joined.

The bill of exceptions filed in this court was stricken from the record upon the application of the defendant in error, so that in considering the errors assigned we are restricted to those appearing in the record proper. These relate to the granting of a continuance by the court upon the application of the plaintiff, over the objection of the defendants, and to the overruling of the demurrers to the complaint.

1. One of the grounds for a continuance was on account of the absence of material witnesses whose evidence, as set out in the affidavit, the defendants, in order that there might not be a delay in the trial, offered to admit would be given. If the objection and the exception to this ruling of the court upon the continuance are preserved in the rec-

ord, the action of the court was proper, because one of the grounds assigned for the continuance was the unavoidable absence from the court of the plaintiff, who was detained by serious illness. The plaintiff had the right to be present to assist his counsel in the trial, and his necessary absence was a good ground for continuance. We must assume, in the absence of any showing to the contrary, that the court granted the application upon this ground, and that the showing therefor was sufficient.

2. Under our practice, a demurrer to the complaint, except for the grounds that the same does not state a cause of action and that the court has no jurisdiction of the person of the defendant or the subject of the action, is waived if, after the demurred is overruled, the defendant answers and goes to trial upon the merits. *Webb v. Smith*, 6 Colo. 365; *Green, Admx., v. Taney,* 7 Colo. 278; *Fillmore v. Wells*, 10 Colo. 228; Bliss on Code Pleading (3d ed.), sec. 417.

The alleged infirmity of the complaint, in failing with sufficient particularity to apprise the defendants of the facts which constitute their negligence a breach of a common duty, having been thus waived by the plaintiffs in error by their answering over, and their failure to preserve and file in this court a bill of exceptions exhibiting the evidence produced at the trial,—which would have enabled us to determine whether the facts showed a common duty of the two defendants to keep the street in question safe, and whether or not there was a breach of such duty—this judgment must stand, unless the complaint does not state a cause of action, or the court had no jurisdiction of the subject of the action or the person of the defendants.

No objection is raised or argued as to the jurisdiction of the court. It is true, the complaint is silent as to the relation, if any, which the defendant Elliott sustained to his co-defendant. We are unable to say whether he was the owner of the lot fronting on a street, in the sidewalk in front of which lot this hole was dug, or whether as an employé of the city he dug the hole, or whether he was a trespasser. When

the defendants by their demurrers endeavored to ascertain such relation, they were unsuccessful; but for reasons satisfactory to themselves, they saw fit to waive such information, pleaded over and went to trial upon the merits.

From the answer which the city filed, it may be inferred that this excavation was made by Elliott as the owner or agent of the owner of the abutting lot. Whether the evidence would support this inference, as we have said, we are precluded from determining. There are cases "where the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them." *City of Peoria v. Simpson,* 110 Ill. 294; *Klauder v. McGrath,* 35 Pa. St. 128. This may be one of those cases where both the owner of the abutting lot and the city are under a common obligation to keep safe the sidewalk in front of such lot. If so, and if the plaintiff is injured by their failure in this respect, which failure would be a common neglect of a common duty, the plaintiff would have his election to sue the defendants jointly or severally. It is sufficient to say, however, that in effect this complaint in general terms alleges that it was the duty of both the defendants to keep safe this place where the accident happened, which, it is alleged, they did not do, and their failure was the cause of the injury. The gist of the grievance was the common negligence of both defendants in not properly guarding the excavation.

This being so, and the complaint also setting forth a state of facts which shows that the city ought to have known of the defect in this street and repaired the same prior to the accident, the complaint is sufficient to support the verdict against both the defendants. The judgment should, therefore, be affirmed.

*Affirmed.*