[No. 3963.]

CITY OF COLORADO CITY ET AL. v. WORLEY.

1. MOTION TO REMAND—*Diligence Required.* One proposing to move under sec. 6 of the act creating this court (Laws 1911, c. 107) for the remand to the supreme court of a cause which has been thence trans-

ferred to this court, must use reasonable diligence. On October 14th this cause and another involving the same questions were set for hearing on the 11th of the following November, with the tacit understanding between court and counsel that the two causes should be heard at the same time. On that day the other cause was argued and submitted, but to suit the convenience of counsel this cause was continued to November 21st. On the day last named the motion of plaintiffs in error to remand the cause was first brought to the court's attention, after the cause was called for oral argument upon the merits. In view of the above delays the motion was denied.

2. PLEADING—*Waiver—Answer After Demurrer Overruled*, and proceeding for trial on the merits, waives the questions presented by the demurrer.

The rule applies where the ground of demurrer is for want of capacity to sue, under sec. 50, Mills' Code (Rev. Code, sec. 56).

3. PARTIES—*Capacity to Sue.* A citizen and tax-payer of a municipality may bring an action for his own behalf and that of other citizens similarly situated, to review and set aside an election under the Local Option statute, on the ground of fraud of the election officers, and the reception of ballots of those not electors, in number sufficient to change the result.

4. LOCAL OPTION ACT—*Frauds in an Election.* Fraud in an election held under Local Option act, in manipulating the ballots and receiving the ballots of non-electors, in numbers sufficient to change the result, affords an action to a citizen and tax-payer to vacate the election and all licenses granted pursuant thereto.

*Error to El Paso District Court.* HON. J. W SHEAFOR, Judge.

Mr. F. F. SCHREIBER, Mr. SAMUEL H. KINSLEY, for plaintiffs in error.

Mr. JOSEPH P. JACKSON, Mr. WAYNE C. WILLIAMS, for defendants in error.

HURLBUT, J., delivered the opinion of the court.

Motion to remand, by plaintiffs in error, was filed November 20th, 1912, and is based upon section 6, chapter 107, of the legislative act creating the court of appeals, page 269, session laws 1911.

The case of *Patterson v. People,* No. 3677, decided at this term of this court, involved substantially the same questions for consideration as are involved in the instant case. Both cases were set for hearing November 11th, 1912. On that date, on motion of plaintiffs in error, the instant case was reset for oral argument November 21st, while case No. 3677 proceeded to argument and submission. It was tacitly understood between the court and counsel that both cases would be heard at the same time, as they involved the same issues, but, as above shown, to suit the convenience of counsel for plaintiffs in error the instant case was reset for November 21st. On that day, being the day of hearing, the court being in session and the case having been called, the motion of plaintiffs in error to remand was first brought to the court's attention. Oral argument on the merits was had and the case submitted. Counsel for defendants in error contend that the motion to remand was not made in apt time, and that the court should deny the same and proceed to determine the cause on its merits, leaving plaintiffs in error to their remedy by writ of error from the supreme court if aggrieved. Section 6 above referred to, after providing that final action by this court in certain classes of cases may be reviewed by the supreme court on writ of error, reads:

"Or if before a hearing in any case either party thereto shall advise the court of appeals that it belongs to one of the classes of cases in this section above specified, and the court shall, upon investigation, so find, it shall at once and without further proceedings remand the same to the supreme court for determination."

We are of the opinion that this language clearly implies that one seeking to have a cause remanded under this section must use reasonable diligence in invoking the benefit of the same. Upon full consideration of the record of the proceedings herein, we think plaintiffs in error

have failed to move in apt time to have the cause re-manded. October 14th the court set this case for hearing and oral argument on November 11th, twenty-eight days intervening between the time the order was made and the hearing. Again, on November 11th, at the request of plaintiffs in error, the case was reset for hearing and oral argument for November 21st, ten days intervening between the court's order and the hearing. Thus thirty-eight days intervened between the time the case was first set for hearing and the time oral argument was had thereon, but no effort was made by plaintiffs in error during that time to apply to the court to have the case remanded. Counsel for plaintiffs in error were aware that on November 11th the court listened to full oral argument upon case No. 3677, which involved the same issues as those of the instant case. Still no suggestion was made at that time that they intended to ask to have the instant case remanded to the supreme court. When the motion to remand was first called to the attention of the court during its session on November 21st, there was no opportunity for the court to then make an investigation as to whether or not the grounds alleged in the motion came within one of the classes of cases mentioned in the section. We do not think, under the situation here shown, it can be said that the court of appeals was advised *before hearing* that this case came within one of the classes of cases specified in said section. At the very time the matter was presented to the court it was in session, the case had been called and was before the court for oral argument upon the merits. For reasons given the motion is denied.

This action was begun April 18th, 1911. Except as to some matters hereinafter mentioned, the facts and law herein are so nearly identical in their nature with those of case No. 3677, *supra,* that upon authority of the latter the judgment herein will be affirmed.

The complaint in the case at bar shows that this proceeding was instituted in the court below by John F. Worley, for himself and all others similarly situated. One of the objections vigorously urged by plaintiffs in error as fatal to the maintenance of this action is, that plaintiffs had no legal capacity to sue. It will be noticed that a demurrer to the complaint, containing this ground, was interposed by plaintiffs in error. The demurrer was overruled and plaintiffs answered over and went to trial on the merits. This precludes them from raising this question now on appeal.—*Elliott v. Field,* 21 Colo., 378. From that opinion we extract the following:

"Under our practice, a demurrer to the complaint, except for the grounds that the same does not state a cause of action and that the court has no jurisdiction of the person of the defendant or the subject of the action, is waived if, after the demurrer is overruled, the defendant answers and goes to trial upon the merits."

"That plaintiff had no legal capacity to sue" is the second ground for which a demurrer may be filed under section 50, Mills' Annotated Code. This case falls within the rule announced in the foregoing excerpt, but even if it did not, there is abundance of authority which sustains the right of plaintiffs in error to maintain this action.—*Martin et al. v. Simpkins et al.,* 20 Colo., 438; *Wheeler v. Northern Colo. Ir. Co.,* 9 Colo., 248; *Rizer et al. v. The People et al.,* 18 Colo. App. 40; *Phillips et al. v. Corbin et al.,* 8 Colo. App., 346; *Lanier et al. v. Padgett et al.,* 18 Fla., 842; *Gibson v. Supervisors,* 22 Pac. (Cal.), 225.

As to the ground stated in the demurrer, that the complaint does not state facts sufficient to constitute a cause of action, the complaint alleges fraud on the part of the judges and clerks of the election in opening the ballot boxes, holding back the returns, and manipulating the ballots, thereby changing the result of the election;

and that illegal votes were cast and counted, sufficient in number to change, and did change, the result.. These allegations, coupled with other averments appearing therein, clearly stated a cause of action. The demurrer was properly overruled.

The trial court, in its findings and decree, held that of three persons, naming them, who voted in favor of the town becoming anti-saloon territory, neither thereof was a qualified elector when he voted; and that of seven voters, naming them, who voted at said election against the town becoming anti-saloon territory, each and all thereof were illegal voters, not being qualified electors at the time they cast their ballots. All such votes were excluded by the court from the count. As to the seven excluded, plaintiffs in error challenge the ruling of the court only as to three thereof. The court's ruling as to the remaining four will be presumed to be without error. As to the court's ruling in excluding certain votes from the count and refusing to exclude others, the remarks of this court in *Patterson v. People, supra,* on similar rulings in that case, will apply.

*Judgment Affirmed.*

CUNNINGHAM, P. J., not participating.