### STATE OF MAINE
*vs.*
### HELENA C. ROGERS

Kennebec.   Opinion, June 16, 1953.

*Alexander A. LaFleur, Atty. General,*
*William H. Niehoff, Asst. Atty. General,* for State.

*Frank M. Coffin,* for defendant.

SITTING:   MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, TIRRELL, JJ.

TIRRELL, J. The respondent was indicted for perjury alleged to have been committed by her in testimony given before the Grand Jury in Kennebec County.

The case is before this court on exceptions by the respondent and by appeal from the refusal of the presiding justice to grant a new trial.

The pertinent allegations of the indictment are, that the respondent

> "appeared as a witness in a procceding before the Grand Jury in and for the County of Kennebec, then and there engaged in hearing testimony relative to the commission of crime in said County of Kennebec . . . . the said Helena Rogers then and there committed the crime of perjury by testifying as follows. .that she never was acquainted with Joe Lindsay and had never met Joe Lindsay at any time; when in truth and in fact the said Helena Rogers had met the said Joe Lindsay and was acquainted with said Joe Lindsay; all of which the said Helena Rogers then and there well knew and which testimony was material to the issue and inquiry then and there pending. . . ."

To this indictment the respondent filed a general demurrer asking for the right to plead anew, if the demurrer was overruled. The right to plead anew was granted by the justice presiding, and the demurrer was overruled; the respondent excepted to this ruling. This is Exception 1.

A demurrer to an indictment admits all facts well pleaded. This rule needs no citation of authority. If the demurrer is overruled judgment is for the State unless the right to plead over was reserved by the respondent and leave therefor granted by the court. *State* v. *Cole,* 112 Me. 56, *State* v. *Munsey,* 114 Me. 408 at 411.

Upon the filing of a demurrer it is the duty of the court to render judgment thereon. The decision of the justice at

*nisi prius* is final and conclusive upon the demurrer unless exceptions are taken to his ruling. Exceptions to the overruling of a demurrer, under our practice, go forward immediately to the Law Court for determination. If the exceptions be overruled, judgment is final on the demurrer, and since a demurrer admits the truth of all facts well pleaded judgment is for the State. When, however, the right to plead over has been reserved and granted at *nisi prius,* as aforesaid, if exceptions to overruling of the demurrer are overruled, the judgment of the Law Court is, "Exceptions and demurrer overruled, respondent entitled to plead anew." *State* v. *Snow,* 132 Me. 321.

Exceptions, however, may be waived or abandoned by conduct inconsistent with their further prosecution. A plea to the merits and trial thereon is inconsistent with a demurrer and waives the same. *True* v. *Plumley,* 36 Me. 466. If exceptions are taken to the overruling of a demurrer, the demurrant by proceeding to trial upon the merits before bringing the exceptions forward to the Law Court waives the exceptions. *Gilbert* v. *Cushman,* 113 Me. 525.

These cases are well sustained by the authorities. See 8 Encyc. Pl. & Prac. 211; 49 C. J. 447, Sec. 554; 71 C. J. S. 540; *Webb, Receiver* v. *Smith,* 6 Colo. 365; *Freas et al.* v. *Engelbrecht et al.,* 3 Colo. 377; *Stanbury* v. *Kerr,* 6 Colo. 28; *Nye* v. *Wright,* 3 Ill. 222; *Grier* v. *Gibson,* 36 Ill. 521; *Hull* v. *Johnston,* 90 Ill. 604; *Ashton* v. *Detroit City Ry. Co.,* 44 N. W. (Mich.) 141; *West* v. *McMullen,* 20 S. W. (Mo.) 628; *Francisco* v. *Benepe,* 11 Pac. (Mont.) 637; *Pottinger* v. *Garrison,* 3 Nebr. 221.

Upon waiver or abandonment of exceptions to the overruling of a demurrer to an indictment, judgment on the demurrer becomes final and unless the right to plead over has been granted, judgment is entered for the State.

The fact that the respondent reserved and was granted the right to plead anew if the demurrer was overruled does

not change the procedure with respect to the carrying forward of exceptions to the Law Court. The exercise of that privilege prior to the carrying of the exceptions forward to the Law Court waives the exceptions.

In announcing the foregoing conclusion we are not unmindful of the case of *State* v. *Pike*, 65 Me. 111. In that case the defendant was indicted for manslaughter. He first pleaded in abatement and then after his plea in abatement had been adjudged bad on demurrer, he pleaded further that he was not guilty. The presiding justice declined to allow exceptions to the ruling upon the plea in abatement upon the ground that by pleading over the defendant had waived his right to except. In holding that he had not waived his right to except by pleading over this court called specific attention to the fact that when a plea in abatement is adjudged bad on demurrer the judgment is always *respondeat ouster;* that by pleading over the defendant did no more than obey the mandate of the court. We further stated that to hold that he had waived his right to except would be equivalent to holding that in such case a defendant can never except. This exception to the rule that by going to trial upon the merits exceptions to the overruling of a demurrer to a dilatory plea are not waived was also recognized in *Gilbert* v. *Cushman, supra.* In this connection, it is to be remembered that by R. S., Chap. 94, Sec. 19 it is provided:—"When a dilatory plea is overruled and exceptions taken, the court shall proceed and close the trial, and the action shall then be continued and marked 'law', subject to the provisions of section 14." This statute applies not only to civil but to criminal cases. *State* v. *Jellison,* 104 Me. 281. We hold that the respondent by going to trial on the merits of the case before bringing her exceptions to the overruling of the demurrer forward to this court waived the same.

Exceptions 2 and 3 relate to allegedly erroneous rulings of the presiding justice preventing counsel for respondent from cross examining a witness for the State.

The respondent in her written brief says "Although the points are not abandoned by respondent, they are not made the subject of citation of authorities, in view of the two exceptions 1 and 4."

After the State had "rested" the respondent, without offering any testimony in her behalf, addressed a motion to the court for a directed verdict. The motion was denied and the respondent excepted. This is exception No. 4.

The issue involved by this exception is "can a verdict of guilty in a perjury case rest upon the uncorroborated testimony of one witness as to the falsity of respondent's oath?"

A study of the transcript of testimony shows that the State called upon only two witnesses. The first was the foreman of the grand jury, whose testimony was limited to what the respondent testified to before the grand jury, and no more.

The *falsity* of respondent's statement was attempted to be proved by the testimony of only one witness, namely Hyman Kaplan.

The law relating to the requirements of proof in perjury cases is so well established and so substantially unanimous that it might seem unnecessary to quote authority. A variety of sources support this assertion.

A complete and comprehensive statement of the law is set forth in 41 Am. Jur., Perjury, Section 67 at Pages 37 and 38.

Corpus Juris Secundum volume 70; Perjury, Section 68, at Pages 535 to 537, reads in part:

> "As the rule now stands, the falsity of the allegedly perjured statement must be established by the testimony of two independent witnesses or one witness and corroborating circumstances, and a conviction for perjury may not be secured and sus-

tained on the uncorroborated testimony of one witness to the falsity of the matter on which the perjury is assigned."

In *Newbit* v. *Statuck,* 35 Me. 315, at Page 318, this court said

"If the plaintiff were on trial for perjury, and one witness only were produced to swear that his testimony was false, a jury would not be authorized to convict without additional evidence, because the case would be in equilibrium, being oath against oath, and both given under circumstances where the obligation to speak the truth was alike binding. Such is the rule universally recognized in this class of prosecutions."

See also *Ellis* v. *Buzzell,* 60 Me. 209; *State* v. *True,* 135 Me. 96; *Commonwealth* v. *Pollard,* 12 Met. 225; *U. S.* v. *Hiss,* 185 F. (2nd) 822; *U. S.* v. *Remington,* 191 F. (2nd) 246.

Many cases to the same effect may be found in the Decennial Digest System, under Key Number, Perjury 34.

This exception must be sustained. Questions raised by other exceptions and the appeal need not be decided.

*Exceptions sustained.*