## SUPREME JUDICIAL COURT,

FOR THE COUNTY OF

## WASHINGTON.

### *JUNE TERM,*

### 1825.

---

### FOSTER *vs.* TUCKER & AL.

Before conviction of the felon, no civil action lies at the suit of the party injured, for goods stolen.

After conviction he may have an action of *trover*, but not *assumpsit*.

THIS was an action of *assumpsit* for goods sold, and for money had and received; to which the defendants pleaded the general issue, and the statute of limitations; and the plaintiff replied, alleging a new promise within six years.

At the trial, the plaintiff proved that sometime since, the defendants were charged by him with having stolen his goods; were examined by a magistrate; and ordered to recognize for their appearance at this Court for trial; and that after having so recognized, the defendant *Tucker* asked the plaintiff what he should give him to settle the business; saying he could not pay him in money, but would pay in neat stock.

He also proved that recently the other defendant said, in the absence of *Tucker*, that "he and *Tucker* actually stole *Foster's* "clothes; but that he should not have taken them, if it had not been for *Tucker*."—He also produced a copy of an indictment found in this Court at *June* term 1822, against these defendants, for stealing the goods of the plaintiff, *April* 30, 1809, being part of the goods now sued for.

Foster *v.* Tucker & al.

Hereupon, by consent of parties, the cause was taken from the jury, and the question submitted to the Court, whether the evidence was sufficient to maintain this action.

*Wilson* and *S. Emery* for the plaintiff.

*Orr* and *Greenleaf* for the defendants.

WESTON J. delivered the opinion of the Court.

This is an action of *assumpsit* for goods sold and delivered. The defendants plead, first, the general issue, which the plaintiff joins ; secondly, the statute of limitations. To the second plea, the plaintiff replies a new promise within six years, upon which issue is also joined. The case made by the plaintiff is, that in *April* 1809, the goods in question, being his property, were stolen by the defendants ; and a new promise by each is attempted to be proved by certain declarations and admissions on their part. Upon the question, whether these declarations and admissions are sufficient or not to take the case out of the statute of limitations, we give no opinion ; as we are well satisfied that the plaintiff's action is not sustained by the facts agreed.

The action of *assumpsit* depends upon a promise, express or implied, arising from a sufficient consideration. Where such consideration exists, if there be no express promise, the law will imply one ; unless the circumstances of the transaction altogether exclude and negative such implication. Of this description is the case before us. The principle of law is, that where a felony is committed which generally, and perhaps uniformly, includes a civil injury, the latter is merged in the public offence. The claims of the public are deemed paramount to those of individuals, who are not permitted even to reclaim their own property, known and identified, which has been taken possession of by the officers of justice, where a felony has been committed, unless restitution shall have been ordered by the competent authority, after the conviction of the offender, or where it may be done consistently with the public interest. After conviction however, the purposes of public justice being accomplished, the law permits the individual injured to vindicate his rights by an apt civil remedy. As the injury itself is founded in wrong, the remedy to

be pursued must be one which is applicable to this class of inju-- ries. It would ill accord with the symmetry or with the analo- gies of the law, and would be confounding well settled distinctions, to permit the party injured, at his election to convert a transac- tion of this kind into a matter of contract. The modern principle of waiving the tort, and proceeding as upon a contract, has been sufficiently extended ; and we are not disposed to apply it to new cases.

In *Buller's Nisi Prius,* 130, 131, the idea of maintaining *assump- sit* for goods stolen is treated as an absurdity. He says that in *assumpsit* for goods sold, if the evidence be that the defendant has agreed with the plaintiff's servant to pay him half price, which the servant is to have to his own use, this will not maintain the action ; for here arises no contract to the plaintiff ; he might as well bring *assumpsit* against one who steals his goods ; and he cites Lord *Holt* as an authority. In another case, he states that in *assumpsit* for money received to the plaintiff's use, proof that a lamb of his was driven to *London,* and sold there by the defen- dant, will be sufficient,-unless it appear to have been stolen ; for then trover would be the only proper action.

It being the opinion of the Court, that the action cannot be supported in this form; according to the agreement of the parties, the plaintiff is to become nonsuit, and the defendants be allowed their costs.