MARY HOWE *versus* JOHN CLANCEY.

When money, or specific articles which have since been converted into money, have been stolen, the owner may maintain assumpsit for money had and received against the thief.

The law, as declared in *Foster* v. *Tucker*, 3 Maine, 458, was changed by c. 102, of the Public Laws of 1844, incorporated into R. S., c. 120, § 12.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding. ASSUMPSIT for money had and received.

The specification under the money count was as follows :

"For specification of the claim to be proved under the money count, the plaintiff says that, on the sixteenth day of November, 1862, she owned and was possessed of $630 in gold coin, which she had in a tin box, buried in the earth, in the cellar of her dwellinghouse, in Lewiston, in the said county of Androscoggin ; and that, between that day and the fourteenth of February, 1863, the said Clancey took

said money and carried it away, and converted it to his own use."

After the plaintiff's evidence had all been put in, the defendant moved for a nonsuit, upon the ground that the plaintiff's evidence proved a felonious taking, in which case the law would not imply a promise on the part of the defendant.

The presiding Judge overruled the motion, and instructed the jury that the action was maintainable, even if the evidence satisfied them that the taking was felonious.

Other questions raised are rendered immaterial by the decision sustaining the foregoing ruling.

The verdict was for the plaintiff and the defendant excepted.

*Record*, for the defendant, contended —

That, in larceny, the *intent* must be to deprive the owner, not temporarily but *permanently*, of his property. 3 Greenl. on Ev., § 150.

The law cannot be said to *imply a promise* to restore the property, or its value, when the *intent* was to deprive the owner *permanently*. *Foster* v. *Tucker*, 3 Maine, 458.

A tort may be waived, and assumpsit brought. But a tort is a *private* or *civil wrong* or *injury*. 1 Hilliard on Torts, 1 and 2.

All acts or omissions, which the law recognizes as subjects of its provisions and application, are either contracts, *torts* or *crimes;* the first being *agreements*, express or *implied;* the second, *injuries* of commission or omission, done to individuals ; and the third, *injuries* done to the public or State. *Ibid.* Bouvier gives same definitions.

Wrongs are divided into public and private.

1. A public wrong is an act which is injurious to the public generally. *Ibid.*

2. Private wrongs are injuries to individuals, unaffecting the public, and are redressed by actions for damages. *Ibid.*

The question is not whether the plaintiff can waive a *tort*, but whether she can waive a *crime* and bring assumpsit ; for,

by waiving torts and suing in assumpsit, the plaintiff confirms and ratifies the tortious act, and treats the defendant as a bailee, or agent, or otherwise contracting party. *Jones* v. *Hoar*, 5 Pick., 285.

If the law implies a *promise* to refund stolen property, it is no felony; and the party who takes it cannot be convicted of larceny. The law would treat him as a contractor and not as a felon.

An *intent* to deprive one of his property *permanently* and a *promise* to pay for it, cannot exist at same time.

*H. C. Goodenow*, for the plaintiff.

DAVIS, J.—By chapter 102 of the laws of 1844, incorporated into the Revised Statutes, chapter 120, section 12, it is provided that "an action for the recovery of property stolen may be maintained by the owner against the person liable therefor, although the thief is not convicted."

If the law was ever different, as seems to have been supposed in the case of *Foster* v. *Tucker*, 3 Maine, 458, it was changed by this statute.

When specific articles have been stolen, and have not been converted into money, it may be that the remedy is by an action of trespass, or case, instead of by an action of assumpsit.

But if the stolen property was money, or has been converted into money, an action of assumpsit, for money had and received, is maintainable, according to the established doctrine that when one man has money in his hands that in equity and good conscience belongs to another, it may be recovered in this form of action. The plaintiff may waive the tort in this case, as well as in any other case of wrongful taking. *B. & W. R. R. Co.* v. *Dana*, 1 Gray, 83.

The question proposed, and to which objection was taken, became immaterial by reason of the answer given.

*Exceptions overruled.*

APPLETON, C. J., KENT, WALTON and DANFORTH JJ., concurred.