JOHN WARE *vs.* JOSEPH PERCIVAL and another.

*Taxes illegally assessed and paid—remedies for.*

A person, whose property has been sold to pay an assessment which was illegal for want of jurisdiction in the assessors, may recover damages to the extent of his injury in an action of tort against the assessors; or he may recover the proceeds of the sale in assumpsit against the town.

Having elected assumpsit, and the judgment therein recovered having been satisfied, the party aggrieved is estopped to set up the tort, the waiver of which was the foundation of his suit in assumpsit, and cannot maintain an action against the assessors.

ON REPORT.

TRESPASS for the unlawful conversion of four hundred and thirty-two shares of Maine Central Railroad stock, belonging to the plaintiff, by causing them to be taken and sold to pay a tax assessed by the defendants, in their official capacity as assessors of Waterville, in 1865, against said Ware, who was not an inhabitant of that town on the first day of April in that year. The defendants pleaded the general issue and also a former recovery by the plaintiff in an action of assumpsit, brought by him against the town of Waterville, for the sum arising from the sale of this stock and paid into the town's treasury, which judgment had been fully

satisfied before this suit was commenced. The question whether or not such judgment was a bar to this suit was submitted to this court, this case to be disposed of as the answer to this inquiry would indicate as proper.

*A. H. Ware,* for plaintiff.

Plaintiff not being an inhabitant of Waterville April 1, 1865, its assessors of that year are not protected in assessing him. *Harriman* v. *Stevens,* 43 Maine, 497; *Gage* v. *Currier,* 4 Pick. 399; *Inglee* v. *Bosworth,* 5 Pick. 498. A former recovery against another party for money had and received is no bar to a suit against defendants for their tort. The entire damages plaintiff suffered could not be recovered in the former action.

*A. Libbey,* for the defendants.

The plaintiff, on his theory, had two remedies for the injury he sustained by the acts of defendants; one against the town of Waterville for the money received from the sale of his stocks; the other against defendants for his damages. The action against the town could be maintained only on the facts upon which this suit is brought.

When a party has two or more remedies for the same wrong, in which the measure of damages might be different, electing one and pursuing it to judgment is a bar to any other remedy. *Bunker* v. *Tufts,* 57 Maine, 417; *Sweet* v. *Brackley,* 53 Maine, 346; *Holbrook* v. *Foss,* 27 Maine, 441; *Goodrich* v. *Yale,* 97 Mass. 15; *Bennett* v. *Hood,* 1 Allen, 47; *Smith* v. *Way,* 9 Allen, 472; *Warren* v. *Cummings,* 6 Cush. 103; *Norton* v. *Doherty,* 3 Gray, 372.

The judgment against the town for the acts of defendants, as officers and agents of the town, acting in good faith, and full satisfaction of that judgment is a bar to this action against the defendants for the same acts. *Emery* v. *Fowler,* 39 Maine, 326; *Elliot* v. *Hayden,* 104 Mass. 180.

APPLETON, C. J. This is an action of trespass for unlawfully taking and carrying away certain shares of the capital stock of the Maine Central Railroad Company, the property of the plaintiff.

The defendants are assessors of the town of Waterville. The plaintiff was assessed by them as one of its inhabitants. Not being one, the assessors had no jurisdiction. A warrant was issued in due form of law to the collector of said town, who seized and sold the stock in controversy, and paid over the proceeds of such sale to its treasurer.

The property of the plaintiff having been seized and sold to pay an illegal assessment, the assessors having no jurisdiction, the plaintiff had two remedies, either of which he might pursue. He might sue the assessors in tort, or, waiving the tort, he might bring assumpsit against the town for the proceeds of the property sold. The damages are determined upon different principles, as the remedies pursued are in tort or assumpsit. Electing one o two forms of action, the party elects that his damages shall be determined by the rules which govern in assessing damages in the remedy adopted. The plaintiff, having his election as to the remedy to be pursued, brought his action of assumpsit, pursued it to judgment, and has received full satisfaction of the execution issued upon such judgment. In that suit, the tort being waived, he recovered judgment only for the proceeds of the stock sold and interest thereon.

Having thus affirmed the sale by claiming the proceeds and receiving the same, he now in this action demands damages for the tort heretofore waived. But the plaintiff having elected his remedy and received the satisfaction which the law gives in such case cannot revive his cause of action. A claim arising from one entire and continuous tortious act cannot be divided into distinct demands and made the subject of separate actions. A plaintiff cannot divide his cause of action, recover compensation in assumpsit by waiving the tort, and then having received such compensation resort to the tort which has been waived, and in that again recover compensation as though the tort had not been waived.

He cannot waive all wrong doing and recover compensation upon that basis, and then, treating the tort once waived as a subsisting grievance, recover damages which are to be assessed upon different principles. Neither can he recover part compensation in assumpsit, thus waiving his tort, and then resorting to it as an existing wrong recover the residuum of damages in another form of action. He cannot split his cause of action into fractional parts and recover for such fractions in different suits and upon different grounds of action.

In *Inglee* v. *Bosworth*, 5 Pick. 502, a suit was brought against the assessors for an assessment which was unauthorized and illegal. In delivering the opinion of the court, Morton, J. says, " Although the money collected by this illegal distress and paid into the parish treasury might have been recovered by an action for money had and received against the parish (*Amesbury W. & C. Manuf. Co.* v. *Amesbury*, 17 Mass. 461 ; *Sumner* v. *First Parish in Dorchester*, 4 Pick. 361), yet in that form of action the remedy might not have been commensurate with the injury and the defendant was not bound to resort to that mode of redress." But if he does resort to that mode of redress he must be bound by the damages which are there obtainable. These, as has been seen, are limited to the proceeds of the property sold illegally. *Dow* v. *Sudbury*, 5 Met. 73 ; *Shaw* v. *Becket*, 7 Cush. 443.

Having sought and obtained the redress which the form of action first chosen gave him, he cannot be permitted again to renew litigation for a grievance once waived and without the waiver of which he was not entitled to recover.

*Judgment for the defendants.*

Cutting, Dickerson, Danforth, Virgin, and Peters, JJ., concurred.