Farmer v. Portland.

JAMES L. FARMER vs. CITY OF PORTLAND.

*Amendment.*

An amendment introducing a new cause of action is not allowable.

In an action brought under R. S., c. 26, § 10, to recover compensation for the destruction of a building by the municipal officers of a city to prevent the spreading of a fire, an amendment setting forth a cause of action under R. S., c. 123, § 8, for the destruction of the building mentioned in the original declaration by a riotous mob, is not permissible.

ON EXCEPTIONS.

As originally brought, this was an action on the case under R. S., c. 26, § 10, to recover the value of a building torn down to stay the progress of the great fire in Portland, July fourth and fifth, 1866. At the April term, 1873, when the cause came on for trial, the plaintiff moved to amend his declaration by adding a count under R. S., c. 123, § 8, relating to the liability of municipalities for three-quarters of the value of buildings destroyed by mobs. The presiding justice, being of the opinion that this would introduce a new cause of action, so ruled as matter of law, and therefore refused to permit the amendment to be made, and the plaintiff excepted.

*Howard & Cleaves* and *M. P. Frank,* for the plaintiff.

The new count was for the same cause as the original one—namely, the destruction of the plaintiff's house at the corner of Pearl and Cumberland streets, on the fifth of July, 1866. The same act is the common basis of them all. The only difference relates to the means of establishing the case, and the circumstances attending the injury which has always been the ground of complaint. *Brewer v. East Machias,* 27 Maine, 489; *McVicker* v. *Beede,* 31 Maine, 314; *Ball* v. *Claflin,* 5 Pick., 303; *Selden* v. *Beale,* 3 Green, (Iowa) 178.

*Charles F. Libby*, for the defendants.

Would the same evidence which would support the original declaration sustain the proposed new count? Are the material averments of the latter the same, in a legal sense, as in the former? If not, then a different cause of action is stated.

Originally, the gist of the action was the destruction of the building by the municipal officers for the public safety. *Taylor* v. *Plymouth*, 8 Metc. 465; *Ruggles* v. *Nantucket*, 11 Cush., 433; *Parsons* v. *Pettingell*, 11 Allen, 507. The allegations of the new count indicate the reverse of this: proceeding upon the ground that the house was destroyed by a mob, in a riotous and tumultuous manner, without any official authority, and in pursuance of an unlawful design. It would be difficult to imagine two causes more divergent. Compare this with these cases, in which it was held that the proposed amendment was properly refused. *Annis* v. *Gilmore*, 47 Maine, 152; *Milliken* v. *Whitehouse*, 49 Maine, 527; *Cooper* v. *Waldron*, 50 Maine, 80.

It is no answer to say that the facts remain the same. Certain occurrences may sustain an action of trespass or trover, or (waiving the tort) of assumpsit; but whichever the plaintiff elects to bring, he cannot amend so as to maintain the other. He makes his own election at first, at his own peril. *Ware* v. *Percival*, 61 Maine, 391.

APPLETON, C. J. The plaintiff brings a special action on the case to recover compensation for the destruction of a building, of which he was a tenant in common, by the authorities of the defendant city, for the purpose of preventing the further spreading of a conflagration then endangering its safety.

At common law, the pulling down a building in a city in time of fire is justified by the great doctrine of public safety when necessary, but no compensation was allowed or afforded to the individual whose property was thus destroyed. *Taylor* v. *Plymouth*, 8 Metc., 462.

By R. S., c. 26, §§ 8, 9, and 10, which are re-enactments of pre-

vious stats., and Public Laws of 1871, c. 207, "if the pulling down or demolishing any building except that in which the fire originated is the means of stopping the fire, or if the fire is stopped before it comes to the same, the owner of such building, shall be entitled to a reasonable compensation therefor from the town, to be recovered in a special action on the case." The writ originally contained only counts under those statutes.

By R. S., c. 123, §§ 7 and 8, when persons unlawfully and riotously assembled, pull down and destroy any dwelling house and the injury amounts to fifty dollars or more, "the town where such property is situated shall indemnify the owner thereof for three-fourths of the value of such injury, to be recovered in an action on the case, if he uses all reasonable diligence to prevent such injuries, and to procure the conviction of the offenders ; and the town paying such sum may recover it in an action on the case against the persons doing such injury."

The plaintiff offered an amendment setting forth a case under these sections, which the presiding judge rejected, because it introduced a new cause of action. In so doing there was no error. The counts as originally drawn set forth no tortious acts of the municipal officers of the defendant city. The acts done were acts of necessity—for the safety of the city—and done by its officers in the discharge of their official duty. The acts set forth in the count offered by way of amendment were the acts of rioters in violation of law, and for which those committing them were liable to punishment by fine and imprisonment. It was clearly an attempt to amend by introducing a new and entirely different cause of action ; and this, it has been repeatedly settled, is not allowable. *Milliken* v. *Whitehouse*, 49 Maine, 527 ; *Cooper* v. *Waldron*, 50 Maine, 80.                              *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.