ANDROSCOGGIN WATER POWER COMPANY *vs.* WILLIAM H. METCALF.

Androscoggin, 1875.—March 15, 1876.

The right of a plaintiff to waive tort and sue in assumpsit, is limited to cases where the defendant has converted property into money or its equivalent, and cannot be pressed one step further.

ON REPORT:

ASSUMPSIT for lumber furnished by the plaintiffs for the construction of the defendant's piazza in Lisbon, brought on the ground that the lumber was ordered for the defendant, through one Southard, acting as his agent. The defense was, that Southard constructed the piazza under a contract to furnish materials and labor, and had been fully paid therefor by the defendant. The authority of the carpenter being controverted, the plaintiff then claimed to recover upon the ground that the lumber had been converted to the defendant's use, that if he was not the purchaser, the conversion was tortious, and that the plaintiff had the right to waive the tort, and recover the value of the lumber in an action of assumpsit. The presiding justice so ruled, and thereupon the defendant consented to a default, the default to be taken off and the case to stand for trial, if in the opinion of the law court the ruling was wrong.

*A. D. Cornish*, for the defendant.

I. There was no express promise by the defendant, nor was there an implied one.

II. The rule that the plaintiff may waive the tort and sue in assumpsit, where there has been a conversion of his property, does

not apply. The rule is limited to cases where there has been a conversion into money. *Noyes* v. *Loring*, 55 Maine, 408. *Hastings* v. *Bangor House*, 18 Maine, 436. *Paine* v. *McGlinchy*, 56 Maine, 50. *Jones* v. *Hoar*, 5 Pick., 285. *Ladd* v. *Rogers*, 11 Allen, 209. *Glass Co.* v. *Wolcott*, 2 Allen, 227. *Smith* v. *Smith*, 43 N. H., 536. *Woodbury* v. *Woodbury*, 47 N. H., 11.

*W. P. Frye, J. B. Cotton*, and *W. H. White*, for the plaintiffs.

I. Upon the case as presented, the plaintiffs could maintain trover. *Kimball* v. *Billings*, 55 Maine, 147. *Hotchkiss* v. *Hunt*, 49 Maine, 213. *Parsons* v. *Webb*, 8 Maine, 38.

II. If the defendant, under the state of facts, after receiving the lumber, had converted it into money or its equivalent, the plaintiffs might waive the tort and maintain an action for money had and received. *Jones* v. *Hoar*, 5 Pick., 285. *Foye* v. *Southard*, 54 Maine, 147.

III. The doctrine may be pressed one step further. Greenleaf says : If one commit a tort by which he gains a pecuniary benefit, as if he wrongfully takes the goods of another, and sells them, or otherwise applies them to his own use, the owner may waive the tort and charge him in assumpsit on the common counts, as for goods sold or money received, which he will not be permitted to gainsay. 2 Greenl. on Ev., § 108. See also note 3.

Virgin, J. The doctrine that the waiving of a tort and suing in assumpsit are limited to cases where the defendant has converted the property into money or its equivalent, is too firmly established in this state to be "pressed one step further." *Noyes* v. *Loring*, 55 Maine, 408. *Paine* v. *McGlinchy*, 56 Maine, 50, and cases there cited. *Default to be stricken off.*

*Case to stand for trial.*

Appleton, C. J., Walton, Barrows, Danforth and Peters, JJ., concurred.