WILLIAM E. STRUTHERS *vs.* JOHN PECKHAM.

PROVIDENCE—MARCH 7, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)　*Necessity for Criminal Complaint before Action for Injury to Property arising from Crime. Larceny. Embezzlement.*

Gen. Laws R. I. cap. 233, § 16, provides that "whenever any person shall suffer any injury to his person, reputation, or estate by reason of the commission of any crime or offence, he may recover his damages for such injury ; . . . but no such action shall be commenced for such injury until after complaint has been made for such crime or offence and process issued thereon." Upon an action of trover brought for the conversion of a sum of money by the defendant belonging to the plaintiff, and entrusted to the defendant for safe keeping:—

*Held*, that whether upon the facts proven the defendant was guilty of larceny at common law or of embezzlement under the statute, he was in either case under the provisions of Gen. Laws R. I. cap. 279, § 16, as heretofore construed by the court, guilty of a crime substantially the same, which was a felony at common law.

*Held*, further, that under the provisions of said cap. 233, § 16, no action could be maintained for the injury resulting from said crime until after criminal proceedings had been instituted.

(2) *Public Policy.   Judicial Notice.   Construction of Statutes.*

*Held*, further, that the statute having been enacted in the interest of public policy, the court must take notice of it, and that the defendant could not waive the exemption of the statute by not bringing it to the attention of the trial court or bringing it upon the record by exceptions.

Where the plaintiff's case shows a felony the statute must apply.

TRESPASS ON THE CASE for trover.   The facts are fully stated in the opinion.   Heard on petition of defendant for a new trial.   New trial granted, and case dismissed.

STINESS, J.   The plaintiff sues in trover for the conversion of $750 in money, and, a verdict having been rendered in his favor, the defendant petitions for a new trial.   The plaintiff's testimony shows that on March 2d, 1899, he put the sum of $750 into the defendant's safe, with his permission, for safe keeping.   The money was rolled up in a canvas belt, and was placed in an inside vault, secured by a combination lock, the defendant alone having the combination.   The plaintiff was employed, somewhat, in and about the store, and on the first of May he asked for the money.   The defendant put him off for a day or two by saying that he had left the combination at home ; but when the safe was opened the belt was there, but not the money.   The plaintiff further testifies that the defendant then admitted that he had taken the money and used it.   The defendant denied the plaintiff's statements, and other witnesses testified to admissions and facts which were more or less in corroboration of each party.   As the verdict was for the plaintiff, we must assume that the jury believed his story ; and as there was sufficient evidence to warrant such a decision, we cannot sustain the first ground of the petition that the verdict was against the evidence.

(1)   The second ground of the petition is that our statute, Gen. Laws, cap. 233, § 16, provides that when a person is injured by the commission of any crime or offence, no action for such injury shall be commenced until after complaint has been made therefor and process issued against the defendant, "excepting only those cases in which such action may now be maintained at common law."

This provision was first adopted in February, 1838, Pub. Laws R. I. p. 961, in cap. 8, § 11, "An act concerning crimes and punishments."

Upon the statute two questions arise.   First, does this case show a crime ; and, second, could an action be maintained for such an injury at common law ?

That the charge, if true, amounts to a crime there can be no doubt, because it was the taking of the plaintiff's property, without his knowledge or consent, *animo furandi.*   The only question that can arise from the facts as claimed by the plaintiff is whether the crime was larceny or embezzlement.   If the money was in any sense entrusted to and in the possession of the defendant, as the plaintiff's agent or servant for a specific purpose, it was embezzlement ; if, on the other hand, the money is to be regarded as having been in the plaintiff's possession, even though it was in the defendant's safe, because it was buttoned or rolled in a belt, which defendant had no right to open, then it was larceny.   In either case there would be a crime, and, as held in *State* v. *Taberner*, 14 R. I. 272, substantially the same crime, which might be larceny at common law or embezzlement under the statute.   Gen. Laws cap. 279, § 16, provides that one who embezzles shall be deemed to be guilty of larceny, "and may be tried, sentenced, and punished as for any other larceny."   The case, therefore, sets out either larceny, or that which is deemed to be and punished as larceny ; and larceny was a felony at common law.

The next question is whether the action could be maintained at common law, so as to bring it within the exception in our statute.   The rule of the common law was that no

civil action could be maintained for an injury arising from a felony until after a trial of the defendant for the felonious act, and his conviction or acquittal.    The public offence was deemed to be of so much greater consequence than the private injury that the civil action was put aside until the demands of public justice had been satisfied.    Some have said, but with obvious inaccuracy, that the private tort is merged in the felony.    Another reason has been given for the rule that it was to stimulate public prosecutions for crime rather than to allow a plaintiff to secure payment for his private injury, leaving the criminal to prey upon others.    Possibly the reason may have been that, as the estate of a felon was forfeited to the crown, the king's prerogative should not be infringed by a subject by means of a civil action.    These several reasons are suggested in *Golightly* v. *Reynolds*, Lofft 88, where an action of trover for stolen goods was sustained after conviction.

Lord Hale, in Pleas of the Crown, 546, says : "If a man feloniously steal goods, and before prosecution by indictment the party robbed brings *trover*, it lies not, for so felonies should be healed." See also *Crosby* v. *Leng*, 12 East. 409 ; *Stone* v. *Marsh*, 6 B. & C. 551 ; *Wells* v. *Abrahams*, L. R. 7 Q. B. 554 ; *White* v. *Spettigue*, 13 M. & W. 602.    In these latter cases an action was sustained against a third party, even though the thief had not been prosecuted.    It is quite evident, from recent expressions in English cases, that the common law rule is not altogether satisfactory, and that its application has been much curtailed.

"In this country," says Judge Cooley, "the common law doctrine of the suspension of civil remedy in case of felony has not been recognized.    The reason usually assigned is, that in this country the duty of prosecuting for public offences is devolved upon a public officer chosen for the purpose, instead of being left, as in England, to the voluntary action of the party injured by the crime."   Cooley on Torts, *87.    See also Bishop's New Crim. Law, vol. 1, §§ 267 to 272.    *Boston Co.* v. *Dana*, 1 Gray, 83, is an exhaustive review of English

and American cases on this subject, resulting in the decision that the doctrine of the English law is not in force in Massachusetts. *Foster* v. *Tucker*, 3 Me. 458. S. C. 14 Am. Dec. 243, with note, applied the common law rule, but it was changed by statute in 1844. *Howe* v. *Clancey*, 53 Me. 130.

It is useless to examine American cases, most of which are against the English rule, because in this State the statute controls. Its wisdom and usefulness are not questions for us to pass upon. The case made by the plaintiff's evidence is that of an injury arising from a crime which would not support an action at common law until after criminal proceedings. Hence the statute forbids this suit until after complaint made and process issued. It is no answer to the statute that trover is a common law action. Every injury to ''person, reputation, or estate'' could be sued for in a common law form of action, and if the statute required nothing more than that it would be meaningless. It explicitly refers to injury resulting from a crime ; and, if an action for that particular injury could not be maintained at common law, it cannot be maintained under the statute until after criminal proceedings have been instituted. It is an enabling statute, giving a right of action, where none existed at common law, upon condition of first making a complaint, and excepting from this requirement actions then maintainable without the statute. Cases have arisen illustrating the application of the statute. In *Baker* v. *Slater Mill*, 14 R. I. 531, the cause of action was statutory, and hence the condition of a complaint was required. In *Arnold* v. *Gaylord*, 16 R. I. 573, so far as the cause of action was for loss of service, which could be maintained at common law, it was within the exception of the statute. In *Royce* v. *Oakes*, 20 R. I. 252, a count setting forth facts amounting to larceny was held to be demurrable for lack of previous complaint. *Crowley* v. *Burke*, 20 R. I. 793, was exactly the same as the case now before us. In *Harford* v. *Carroll*, 21 R. I. 515, it was suggested that the statute did not apply to an action for assault and battery, because, assault not being a felony, the action would lie at

common law. The plaintiff, however, claims that, as the requirement of criminal process was not brought to the attention of the trial court and is not before us on exception, the defendant cannot raise the question now. It is well settled that when a party does not take advantage of a rule of law in his favor by asking for its application, or does not take exception to an error of law in a ruling against him, he is deemed to have waived his right to claim a new trial upon such ground.

But if the statute in question serves any useful purpose it must be that of public policy. Parties to civil suits cannot waive such a statute, because, if so, they could nullify it. The statute is not for their benefit, but for the public good, and hence the court must take notice of it. Some English cases have held that the defendant could not show his own felony in bar of an action against him, *Lutterell* v. *Reynell*, 1 Mod. 282; *Wells* v. *Abrahams*, L. R. 7 Q. B. 554; but they all agree that when the fact of a felony appears in the plaintiff's case he cannot proceed. In other words, if a plaintiff can show a cause of action without showing a felony, he may recover as he might in any case, and the defendant cannot set up, in bar of the action so shown, his own felonious act. Such, however, is not this case. The plaintiff's case shows a felony, if it shows anything, and hence the statute must apply.

Case remitted to Common Pleas Division, with direction to dismiss it.

*Franklin P. Owen*, for plaintiff.

*Comstock & Gardner, and James A. Pirce*, for defendant.