RINALDO A. L. COLBY *vs.* JESSE TARR

Sagadahoc.    Opinion, January 4, 1943.

*McLean, Southard & Hunt,* for the plaintiff.

*Edward W. Bridgham,*

*Harold J. Rubin,* for the defendant.

Sitting: Sturgis, C. J., Thaxter, Hudson, Manser, Murchie, Chapman, JJ.

Chapman, J.   This action comes to the Court on exceptions to rulings by the Justice of the Superior Court excluding evidence presented by the plaintiff. The plaintiff in his writ alleged that the defendant broke and entered the plaintiff's close and there committed trespass and damaged the real estate by cutting trees thereon growing. To this count he added the money counts. The joinder of assumpsit and tort was improper. *Chitty on Pleading*, 1, 199; *Allen v. Ham*, 63 Me., 532. To raise such question a special demurrer was necessary. *National Bank* v. *Abell*, 63 Me., 346. But the defendant disregarded the misjoinder and pleaded the general issue to the trespass. Issue was joined on the plea and trial had thereon. The money counts were properly treated as surplusage. A verdict was returned for the defendant.

Motion of the plaintiff to set aside the verdict, filed by the plaintiff, has been abandoned.

No transcript of the evidence was filed and the Court will found its judgment as to the relation of the excluded testimony to the subject matter of the suit, upon examination of the quotations and statements of the substance of the testimony set forth in the bill of exceptions.

The defendant complains that the plaintiff has not supported the statements contained in his bill of exceptions by a transcript of the testimony. This is not necessary. The bill must state on its face the evidence concerning the exclusion of which complaint is made and enough of the contentions or issues in the case to show that it was relevant, material or competent, as the case may be. If the defendant would claim that the contents of the bill were not in accordance with the record, his remedy is, in the first instance, to present objections before the Judge presiding. Failing in his contention before the presiding Judge, his remedy is by objection to this Court to establish a proper bill of exceptions. *Atwood* v. *New England T. & T. Co.*, 106 Me., 539, 76 A., 949. Although the bill of ex-

ceptions was not signed by defendant's attorneys, the record does not show any objections made thereto.

For the purposes of our consideration of the case, the following is a sufficient statement of the subject matter thereof, as it appears from the record presented. The plaintiff owned a tract of land upon which there were two groves of oak trees. Negotiations were had between the plaintiff and defendant relative to the purchase of the trees. There was evidence on the part of the plaintiff that he offered for sale to the defendant the trees included in one of the groves only, and that no agreement was consummated between them for the sale of any of the trees; that the matter was held for further consideration. Evidence in behalf of the defendant was to the effect that an agreement was reached for the purchase by the defendant of the trees in both groves, in pursuance of which agreement the defendant entered upon the lands and cut trees in both groves. Thereupon the plaintiff brought this action.

The first exception arises out of the introduction, in evidence of a check, by the defendant. The check was signed by one Blanche Stevens, the secretary and bookkeeper of the defendant, and by her delivered to the plaintiff. It was for the sum of One Hundred Forty Dollars, twenty-five cents ($140.25), was payable to the plaintiff and bore his endorsement upon the back. On the lower part of the face of the check were the figures "14,025 ft." There was evidence that the defendant had told the plaintiff that a check would be so delievered to him by Mrs. Stevens, and there had been conversation between them as to what purpose the check was to be given for. The following question was asked of Miss Knute, a witness for the plaintiff, who was present at the delivery of the check:

"Q. [By Mr. Hunt] — Was there any other conversation at this particular time which you haven't yet mentioned regarding the check?

A. Yes. When she passed the check to Mr. Colby — she came into the room of course — Mr. Colby said, 'This check is only for the logs and not for the damage.'

.She said, 'Yes, this is only in payment for the logs. The damage will be settled later' or words to that effect.

MR. BRIDGHAM: I move that last be stricken out.
[Ordered stricken out by Court. Exception]."

The statement by the witness was not admissible as an admission upon the part of the defendant. There is nothing in the case that shows that Mrs. Stevens was the agent of the defendant to the extent that she was authorized to make admissions of a trespass by him. However, the defendant introduced the check, contending that the giving and acceptance thereof tended to prove a sale of the trees. It had probative force in this respect and the plaintiff had a right to rebut such evidence by showing what the check was given for by testimoney as to what took place upon the delivery of the check. The understanding between the parties as to the purpose for which a check is given may be shown. *Wellington* v. *Trotting Park Co.*, 90 Me., 495, 38 A., 543; *Bell* v. *Doyle,* 119 Me., 383, 111 A., 513. Statements made at the time of a payment are admissible. *Wigmore on Evidence,* Sec. 1777; *Barber* v. *Bennett,* 58 Vt., 476, 4 A., 231, 56 Am. Rep., 565. The exception must be sustained.

The first exception having been sustained, it is not necessary to discuss the second exception presented by the defendant.

*Exceptions sustained.*