WARREN M. CHAMPLIN

*vs.*

EVERETT A. RYER

Kennebec.   Opinion, January 20, 1956.

*Charles A. Peirce,* for plaintiff.

*Niehoff & Niehoff,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

FELLOWS, C. J.   In this action of assumpsit brought in the Superior Court for Kennebec County, a special demurrer was filed by the defendant and the special demurrer was overruled by the justice presiding. The case is before the Law Court on exceptions to the overruling of the demurrer.

The declaration was as follows: "In a plea of the case for that at said Waterville during the month of October, 1950, and at all times subsequent to said date the plaintiff was engaged in the business of selling insurance under the firm name and style of Warren .M. Champlin Agency, being duly licensed and authorized by the State of Maine to conduct said business;"

"That on the 23rd day of October, 1950, the plaintiff entered into a written contract whereby he engaged the defendant to work for him as a sub-agent or broker, a copy of which instrument is attached hereto, marked 'Exhibit A' and made a part of this declaration;"

"That substantial, sufficient and satisfactory performance of said contract was made by both parties until June of 1952 when the defendant commenced a course of conduct, one which breached the said contract, in that he collected premiums for various insurance contracts which he unseasonably retained in violation of Section Two of said contract;"

"That said course of withholding of premiums was continued by the defendant without the plaintiff's knowledge until the first day of June, 1953;"

"That on said first day of June, 1953, the plaintiff discharged the defendant from his employment upon the latter's admission then and there of his wrongful withholding of said insurance premiums;"

"That the premiums retained by defendant as aforesaid amount to the sum of Six Hundred Twenty-six Dollars and Fifty-nine Cents ($626.59), for which said sum, among others, the plaintiff seeks restitution;"

"That from time to time the defendant was overdrawn on his drawing account and on accounting for same at divers times, gave to the plaintiff his promissory notes which remain unpaid and are outstanding as of the date of this writ in the amount of Four Thousand Five Hundred Forty-three Dollars and Seventeen Cents ($4543.17), on which sum the plaintiff seeks judgment in this action among other things;"

"That although the defendant by his own wrongful acts, commencing in June, 1952, as aforesaid, breached the contract of employment dated October 23, 1950, yet he continued in the plaintiff's employ until his breach was discovered on said first day of June, 1953, and that during said period from the first day of July, 1952, to and until the first day of June, 1953, the defendant wrongfully claimed and received as commissions the sum of Three Thousand Eight Hundred Forty-four Dollars and Two Cents ($3844.02), and excessive withdrawals on his drawing account during said period in the amount of Three Hundred Forty-eight Dollars and Sixteen Cents ($348.16), on which sums the plaintiff seeks judgment in this action;"

"That said damages previously mentioned total the sum of Nine Thousand Three Hundred Sixty-one Dollars and Ninety-four Cents ($9361.94), all of which have accrued to the plaintiff by reason of the defendant's violation of said written contract;"

"That in addition to said sum the plaintiff seeks the sum of Two Thousand Dollars ($2000.00), a reasonable amount for the damage occasioned by loss of good will and other business losses caused by the defendant's breach of said contract."

(Note: "Exhibit A" referred to in the first count in the declaration, and made a part of the declaration, was a long contract between the parties providing in substance (1) Defendant Ryer's authority to collect premiums, (2) Ryer's promise to pay premiums collected, (3) Plaintiff Champlin promises to pay Ryer certain commissions, (4) territory for Ryer to cover, (5) Ryer agrees to refund certain commissions ratably, (6) Ryer not to extend time for payment of premiums, (7) sub-agents of Ryer, (8) office space, (9) termination of agreement by death, notice, etc., option to purchase, commissions, etc., (10) sale of business by Champlin—options to Ryer, (11) covenant not to compete in business if Champlin buys out Ryer).

The Second Count was the usual money count for goods bargained and sold, and sold and delivered, work done, materials furnished, money lent, money paid, money had and received, money advanced and money found due, with specifications of amounts due in promissory notes $4,543.17, premiums withheld $626.59, commissions wrongfully paid $3,844.02, and improper withdrawals $348.16.

As a Third Count there was attached a list and description of promissory notes "for value received promised the plaintiff," etc., in the amount of $4,543.17.

The causes set forth in the demurrer filed by the defendant were that "in and by the said declaration in the first count thereof the said plaintiff has declared against the said defendant in tort for conversion of moneys, for breach of contract, and for the pay of notes, and in the second and

third counts thereof the said plaintiff has declared against him in assumpsit; for that there are pretended causes of action different in their natures comprehended and included in the same declaration, and which are incompatible and ought not to be joined in the same declaration, to wit, a cause of action founded upon supposed wrongs and damages as set out in said first and third counts, and a cause of action founded upon an alleged indebtedness as set out in the second, third and first counts."

The plaintiff in his first count of this action seeks to recover premiums collected by defendant which defendant "unseasonably" retained $626.59, promissory notes given to plaintiff by defendant in the amount of $4,543.17, commissions "wrongfully claimed and received" by defendant $3,844.02, excessive withdrawals by defendant on his "drawing" account $348.16, — a total of $9,361.94.

In addition to the foregoing total the plaintiff also "seeks the sum of $2000.00 a reasonable amount for the damage occasioned by loss of good will and other business losses caused by the defendant's breach of said contract."

The second count was the general money counts in assumpsit. The third count was assumpsit for promissory notes described.

The defendant filed a special demurrer which demurrer was overruled, and the defendant was allowed exceptions. The defendant's claims, in support of his special demurrer, are that the plaintiff's declaration sets forth a claim for damages for breach of contract, for wrongful conversion of money of the plaintiff, for overdrawing his drawing account, for failure to account for moneys collected, for amounts due on notes and a general money count with specifications. The defendant contends that this declaration sounds in tort and also in assumpsit, and therefore is bad.

The plaintiff's position is that "his declaration sounds entirely in contract and does not contain a misjoinder" and the plaintiff relies upon *Howe* v. *Clancey*, 53 Me. 130, 132 and *Hazelton* v. *Locke*, 104 Me. 164, 168.

The defendant, on the contrary, relies upon *Prest* v. *Inh. of Farmington*, 117 Me. 348, 352; *Colby* v. *Tarr*, 139 Me. 277, 278; *Allen* v. *Ham*, 63 Me. 532, 535; *Flanders* v. *Cobb*, 88 Me. 488, 494.

The case of *Howe* v. *Clancey*, 53 Me. 130 relied on by the plaintiff, holds that where money is stolen from the plaintiff by the defendant, assumpsit for money had and received is maintainable. The plaintiff may waive tort, or any other wrongful taking and recover in this form of action. See also *Androscoggin Co.* v. *Metcalf*, 65 Me. 40. *Hazelton* v. *Locke* cited by the plaintiff, reported in 104 Me. 164, 168 holds that where the relation of principal and agent exists, and the principal brings an action of trover against the agent for money not turned over to the principal because "converted to his own use," that trover cannot be maintained. The court say that "it might be the ground for an action of assumpsit."

The case of *Prest* v. *Inh. of Farmington*, 117 Me. 348, relied on by defendant, where there was a contract to do certain work at a fixed price, the plaintiff brought assumpsit to recover an alleged balance due, and included a charge for extra labor of men and teams that plaintiff claimed was due because of misrepresentation in character of excavation. The court held that "the duty to pay damages for a tort does not imply a promise to pay them, upon which assumpsit can be maintained." See also *Noyes* v. *Loring*, 55 Me. 408.

*Colby* v. *Tarr*, 139 Me. 277 holds that the joinder of assumpsit and tort is improper, and improper joinder must be raised by special demurrer. In this case of *Colby* v. *Tarr*,

however, there was no demurrer and at the trial the defendant disregarded the misjoinder, and the money counts were treated as surplusage.

The case of *Allen* v. *Ham*, 63 Me. 532, cited by defendant, was a petition under a statute giving a lien for "feeding" and "sheltering" a horse. The defendant demurred generally, because the petitioner claimed a lien for shoeing and for taxes, as well as for keeping. The court held that it was not necessarily a misjoinder, although there might not be a legal cause of action under the lien statute, and the court further said "with respect to the joinder of counts, one sure test of its propriety is—can the same plea be pleaded and the same kind of judgment be rendered on both? If yea, the joinder is certainly proper. But the question is not whether the party plaintiff is entitled to judgment on both. If one declares on two promissory notes one of which is void as being given for an illegal consideration, or on Sunday, his declaration is not therefore bad on demurrer, though he has no legal cause of action upon one of his counts."

*Flanders* v. *Cobb*, 88 Me. 488, 494, 495 involved a "horse trade" with a promissory note "as boot." The question was whether a declaration in an action in assumpsit could be amended by striking out and inserting a count in deceit. The court say: "A fortiori, in the present case, would it be unauthorized to allow an amendment which changes the nature of the action from assumpsit to an action on the case for deceit. The plea of the defendant in the former case is 'never promised,' while in the latter, it is 'not guilty.' At common law the court had no power to allow an amendment which introduced a new cause of action. Com. Law Pl. page 142. Nor has this been extended by statute in this State. *Farmer* v. *Portland,* 63 Me. 46; *Cooper* v. *Waldron,* 50 Me. 80. Neither can counts which are in form ex contractu be joined with those in form ex delicto." *Flanders* v. *Cobb*, 88 Me. 488, 494, 495.

A demurrer is a signed statement in writing filed in a proceeding in court, to the effect that admitting the facts of the proceeding pleading to be true, as stated by the adverse party, legal cause is not shown why the party demurring should be compelled to proceed further. Demurrers are general where no particular cause is assigned, and special where the particular defects are pointed out. *State* v. *McNally*, 145 Me. 254, 256.

If a general demurrer is filed, and, if any one count is good, the demurrer will be overruled. *Blanchard* v. *Hoxie*, 34 Me. 376; *Mansfield* v. *Goodhue*, 142 Me. 380. If writ contains good and bad counts, a general demurrer is insufficient. *Weston* v. *Blake*, 61 Me. 452, 456; *Blake* v. *M.C.R.R. Co.*, 70 Me. 60.

After a special demurrer is sustained the case falls within Revised Statutes 1954, Chapter 113, Section 38 and Revised Statutes 1954, Chapter 113, Section 11, relating to amendments. *Hudson* v. *McNear*, 99 Me. 406; *Bluehill Academy* v. *Ellis*, 32 Me. 260; *Willoughby* v. *Atkinson Co.*, 93 Me. 185.

In an action under a statute, where there was one count in the nature of case, and one count was quantum meruit, and there was also one count for money had and received, the presiding justice refused to instruct the jury that plaintiff could not recover. The court say "unquestionably an action on the case includes assumpsit as well as action in form *ex delicto.*" *Wadleigh* v. *Paper Co.*, 116 Me. 107; *Holden Mill* v. *Westervelt*, 67 Me. 446. An action on the case includes assumpsit as well as tort. *Hathorn* v. *Calif.*, 53 Me. 471.

At common law the plaintiff might sue in assumpsit for breach of contract, or in case for breach of duty. *Milford* v. *Railway*, 104 Me. 233, 249. The effect of bringing assump-

sit is sometimes to waive damages to be secured in a tort action. *Ware* v. *Percival*, 61 Me. 391.

Where there is an express contract of indemnity, and by its terms it contains nothing more than the law would imply, it is optional with the plaintiff to declare in assumpsit for money paid, or upon the special contract. *Davis* v. *Smith*, 79 Me. 351, 360. Indebitatus assumpsit lies for recovery of dues, in accordance with by-laws signed by defendant, although the contract need not be specially declared on, *Elm City Club* v. *Howes*, 92 Me. 211, 214, but not to defeat rights under the express contract. *Marshall* v. *Jones*, 11 Me. 54.

The claim which the plaintiff in this case seeks to enforce is founded upon a written contract entered into between the parties. There is no tort, or active wrong in it. It is simply a failure to fulfill an obligation. It is true that the first count is inartificially drawn, and follows no recognized form, but nevertheless, in our opinion, it states a case in assumpsit. The first count "sounds" in contract, and a copy of the contract itself containing promises of both parties to pay in accordance with its terms, is made a part of the first count. The second and third counts are also counts in assumpsit. The plea to the action, and to any one or all counts, is the general issue in assumpsit.

The court is of the opinion that there is no misjoinder, and that the special demurrer was properly overruled by the presiding justice.

*Exceptions overruled.*